**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITTANY CLYBOURN<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SPIDERBANDS LLC and FRANCI COHEN<br><br>　　　　　Defendants. | Docket No.　18 Civ. 3688<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff Brittany Clybourn, by and through her attorneys at Filosa Graff LLP, as and for her Complaint in this action against Defendants Spiderbands LLC ("Spiderbands" or the "Company") and Franci Cohen (collectively "Defendants"), alleges upon personal knowledge and upon information and belief as to other matters as follows:

**PRELIMINARY STATEMENT**

　　　　1.　　This is an action seeking declaratory, injunctive and equitable relief, as well as monetary damages, to redress the Company's breach of the employment agreement that Plaintiff and the Company entered to as part of her employment with the Company and Defendants' violations of the New York Labor Law ("NYLL"). Specifically, Defendants violated the NYLL when they failed to pay Plaintiff in accordance with agreed-upon terms of her employment agreement, in violation of NYLL § 191, and then retaliated against Plaintiff after she complained about Defendants' failure to pay her in accordance with the agreed-upon terms of her employment agreement.

　　　　2.　　Defendants also failed to provide Plaintiff with the pay notice required by NYLL § 195(1) and failed to provide Plaintiff with wage statements required by NYLL § 195(3).

**PARTIES**

3. Plaintiff Brittany Clybourn is a resident of the State of New Jersey and is a former employee of Spiderbands LLC. At all times relevant to this matter, Plaintiff met the definition of "employee" under all applicable statutes.

4. Defendant Spiderbands LLC is a domestic limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located at 12 East 14th Street, New York, NY 10003. Upon information and belief, Defendant Spiderbands is a single member limited liability company and Defendant Cohen is the only member of the Company. At all times relevant to this matter, Defendant Spiderbands met the definition of "employer" under all applicable statutes.

5. Defendant Franci Cohen is a resident of the State of New York and is the owner of Defendant Spiderbands. At all times relevant to this matter, Defendant Cohen met the definition of "employer" under all applicable statutes.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 because there is diversity of citizenship between Plaintiff, a citizen of the State of New York, and Defendants, citizens of the State of New York, and this action involves a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in the district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

8. Contemporaneous with the filing of this lawsuit, Plaintiff will forward a copy of this complaint to the Attorney General of the State of New York in accordance with NYLL § 215(2).

**FACTUAL ALLEGATIONS**

**Plaintiff's Employment with the Company and Defendants' Failure to Pay her Properly**

9. Defendant is a gym or fitness studio offering fitness classes to members of the general public.

10. Defendants hired Plaintiff as a Founding Instructor with the Company in September 2017.

11. In this position, Plaintiff was responsible for teaching classes at the Company's studio, located at 12 East 14th Street, New York, NY 10003, as well as developing class content, creating programs and guidebooks, assisting with special events, and marketing the Company through various traditional and social media channels.

12. Per the terms of Plaintiff's employment agreement, the Company was to pay Plaintiff $200 per class, plus either 7% of the revenue from class attendees over 15 or, if the class was sold out, $93.

13. From the start of Plaintiff's employment, the Company failed to issue pay stubs to Plaintiff, which made it difficult for her to assess whether the Company was paying her properly.

14. The Company issued pay stubs to employees through an online service, but Plaintiff was unable to access her paystubs through the online system. Plaintiff reported this to her supervisors, but the Company failed to take any action to ensure that Plaintiff actually received her pay stubs.

15. Despite the fact that Plaintiff did not receive any pay stubs, it soon became clear to Plaintiff that the amount of compensation that she had received did not match what the Company had agreed to pay her in her employment agreement.

16. Specifically, according to Ms. Plaintiff's records, she taught or was scheduled to teach approximately 148[1] classes during the course of her employment with the Company.

17. The Company should have paid Plaintiff a total of $29,600.00 in wages for these classes, yet according to her bank records, Plaintiff only received $14,628.88 in direct deposits from the Company following her training period.

18. Assuming a 40% tax rate, which is likely much higher than Plaintiff's actual tax rate, the $14,628.88 net amount equates to a gross amount of $24,381.47, a difference of $5,218.53.

19. The Company's failure to pay Plaintiff her earned wages violated NYLL § 191.

**Defendant's Retaliation and Termination of Plaintiff's Employment**

20. On February 2, 2018, Plaintiff met with Defendant Cohen and Amanda Sauer, the Company's Director of Operations.

21. At this meeting, which was supposed to be about a class that Plaintiff taught on January 30, Plaintiff raised concerns that she had with the Company's failure to pay her in accordance with the agreed-upon terms of her employment agreement and failure to issue her pay stubs.

22. Plaintiff reiterated these concerns in two emails, one later that day (i.e., February 2, 2018) and another on February 4, 2018.

23. Plaintiff's complaints related to the Company's failure to pay her in accordance with the agreed-upon terms of her employment agreement and failure to issue pay stubs constituted protected activity under the NYLL.

---

[1] This estimate and the other estimates included herein are meant to illustrate the manner in which Defendants violated the NYLL. Plaintiff specifically reserves the right to amend these amounts after having the opportunity to review Defendants' records in discovery.

24. Defendants terminated Plaintiff's employment with the Company on February 5, 2018 – the day after she engaged in protected activity by raising concerns about her pay and the Company's failure to issue her pay stubs.

25. The Company failed to provide Plaintiff with any reason for her termination – let alone a legitimate, non-retaliatory reason – other than to say that "we will be unable to utilize your services after February 16, 2018."

## FIRST CAUSE OF ACTION
### (Breach of Contract)

26. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

27. Plaintiff and the Company are parties to an enforceable contract that provided, in essence, that Plaintiff would perform work for the Company and, in exchange for this work, the Company would compensate Plaintiff on a per class basis.

28. As set forth above, the Company breached this employment agreement by, among other things, failing to pay Plaintiff all the compensation required by her agreement with the Company.

29. As a direct and proximate result of the Company's breach of contract, Plaintiff has suffered monetary and/or economic damages, including but not limited to, loss of past income and other expenses, for which Plaintiff is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
### (NYLL: Failure to Pay Wages)

30. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

31. At all relevant times, Plaintiff was an "employee" of Defendants and Defendants were an "employer" of Plaintiff, within the meaning of the NYLL.

32. As outlined above, Defendants failed to pay Plaintiff earned waged in accordance with the agreed-upon terms of her employment agreement, as required by NYLL § 191(1)(d).

33. As a result of the foregoing, Defendants have failed to pay Plaintiff wages required under NYLL §§ 190, et seq. and Plaintiff is entitled to an award of damages in the amount of the unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and other equitable and compensatory relief.

### THIRD CAUSE OF ACTION
### (NYLL: Retaliation)

34. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

35. As outlined above, Defendants have violated the NYLL by terminating Plaintiff's employment because Plaintiff engaged in activity protected by the NYLL.

36. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

37. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

38. Defendant's unlawful retaliatory conduct was willful and not in good faith and without reasonable grounds for believing that its conduct was in violation of the NYLL, entitling Plaintiff to an award of liquidated damages.

39. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the NYLL §§ 198 & 215, and such other legal and equitable relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION
### (NYLL: Failure to Issue Pay Notice)

40. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

41. Defendants failed to furnish Plaintiff with the pay notice required by NYLL § 195(1).

42. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff in the amount of $50 for each day that the violation occurred or continued to occur, up to $5,000.

43. In addition to statutory penalties, Plaintiff is entitled to recover from Defendants reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

44. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

45. Defendants failed to furnish Plaintiff with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

46. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff in the amount of $250 for each day that the violations occurred or continued to occur, up to $5,000.

47. In addition to statutory penalties, Plaintiff is entitled to recover from Defendants reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that an award be issued in her favor containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violated the NYLL;

B. An injunction and order permanently barring Defendants from engaging in further unlawful activities in violation of the NYLL;

C. An award to Plaintiff for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated and punitive damages where appropriate;

D. An award of actual damages in an amount to be determined at trial plus pre- and post-judgment interest to compensate Plaintiff for all monetary and/or economic harm, including but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: April 26, 2018

                              FILOSA GRAFF LLP

By: _____
       Gregory N. Filosa (GF-5860)
       Ari Graff (AG-8039)

111 John Street, Suite 2510
New York, NY  10038
Tel:   (212) 256-1780
Fax:   (212) 256-1781
gfilosa@filosagraff.com
agraff@filosagraff.com

COUNSEL FOR PLAINTIFF