UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
BRITTANY CLYBOURN,

                Plaintiffs

                                      Index No.  18-cv-3688

vs.

SPIDERBANDS LLC and FRANCI COHEN,

                Defendant
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

<u>**On the Brief**</u>

**John P. Fazzio**

**Oral Argument Requested**

John P. Fazzio, Esq.
FAZZIO LAW OFFICES
26 Broadway, 21st Floor
New York, NY 10004
Phone: (201) 529-8024
Fax: (201) 529-8011
jfazzio@fazziolaw.com

*Attorneys for Defendants Spiderbands LLC and Franci Cohen*

**TABLE OF CONTENTS**

**Table of Contents**……………………………………………………………………………i

**Table of Authorities**..……………………………………………………………………….iii

**PRELIMINARY STATEMENT**……………………………………………………………..1

**STATEMENT OF FACTS**……………………………………………………………………1

**STANDARD OF REVIEW**. …………………………………………………………………1

I.      THE COURT LACKS SUBJECT MATTER JURISDICTION IN THIS ACTION..2

        A.  **Plaintiff Has Failed to Plead Damages in Excess of the Jurisdictional Amount**…....……………………………………………………………2

        B.  **The Amount in Controversy in the Plaintiff's Breach of Contract Claim Does Not Satisfy the Jurisdictional Minimum Amount**…………………………..5

II.     PLAINTIFF HAS FAILED TO PLEAD A RETALIATION CLAIM UNDER THE NEW YORK LABOR LAW (PLAINTIFF'S THIRD CAUSE OF ACTION)……...9

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Mt. Clemens Pottery Company*,
   328 U.S. 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946) ................................................................ 10

*Castagna v. Luceno*,
   2011 WL 1584593, *12, 2011 US Dist LEXIS 45567, (SDNY 2011) ...................................... 5

*Claudia Brown v. U.S. Postal Service*,
   1996 U.S. Dist. LEXIS 19753 (S.D.N.Y. 1996) ...................................................................... 5

*Epifani v Johnson*,
   65 AD3d 224 (2d Dept 2009) ................................................................................................... 6

*Higueros v. New York State Catholic Health Plan, Inc.*,
   526 F Supp 2d 342 (EDNY 2007) ........................................................................................... 5

*Lambert v. Genesee Hospital*,
   10 F.3d 46 (2d Cir. 1993) ......................................................................................................... 5

*McNutt v. General Motors Acceptance Corp of Indiana*,
   298 U.S. 178, 56 St. Ct. 780, 80 L.Ed. 1135 (1936) ................................................................ 3

*Ocean Ships, Inc. v. Stiles*,
   315 F.3d 111 (2d Cir. 2002) ..................................................................................................... 2

*Schwartz v. Victory Container Corp.*,
   294 F.Supp. 866 (S.D.N.Y. 1969) ............................................................................................ 4

*Seever v. Carrols Corp.*,
   528 F. Supp. 2d 159 (WDNY 2007) ........................................................................................ 9

*Ting Yao Lin v. Hayashi Ya II*, Inc..,
   2009 WL 289653, *2009 US Dist LEXIS 12963, (SDNY 2009) .............................................. 6

*Tongkook America, Inc. v. Shipton Sportswear Co.*,
   14 F.3d 781, 784 (2d Cir. 1994) ............................................................................................... 2

*Trepel v. Abdoulaye*,
   185 F.Supp. 2d 308 (S.D.N.Y. 2002) ....................................................................................... 4

*United Food & Commercial Workers Union, Local 919 AFL-CIO v. CenterMark Properties*
   *Meridian Square, Inc.*, 30 F.3d 298, 301 (2d Cit. 1994) ............................................................ 3

*Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.*,
   166 F.3d 59 (2d Cir. 1999) ....................................................................................................... 2

**Statutes**

28 U.S.C. § 1332 ................................................................................................................... 1, 4

29 U.S.C. § 215(a)(3) ................................................................................................................ 5

29 U.S.C.S. § 215(a)(3) ............................................................................................................. 5

**PRELIMINARY STATEMENT**

The defendants in the above-captioned action, Spiderbands LLC, ("Spiderbands") and Franci Cohen ("Cohen"), respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and 12(b)(3).

**STATEMENT OF FACTS**

The facts pertinent to this motion ae set forth in the Affidavit of Franci Cohen (the "Cohen Affidavit") and the Affirmation of John P. Fazzio, Esq. (the "Fazzio Affirmation"), both sworn to on May 18, 2018, to which the Court is respectfully referred.

**SUMMARY OF THE ARGUMENT**

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(3) because the jurisdictional amount is not and has never been, in controversy in this matter. In addition, plaintiff's retaliation claims should be dismissed with prejudice as plaintiff has failed to plead facts making out a cognizable cause of action under the New York Labor Law.

**I.  THE COURT LACKS SUBJECT MATTER JURISDICTION IN THIS ACTION.**

**A.  Plaintiff Has Failed to Plead Damages in Excess of the Jurisdictional Amount.**

This court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332. The defendants move for the dismissal of the Complaint on the grounds that the amount in controversy in this matter does not satisfy the jurisdictional minimum amount.

The Complaint alleges that this matter involves an amount in controversy sufficient to invoke federal jurisdiction in cursory and conclusory terms, stating only that "this action involves a matter in controversy that exceeds the sum of $75,000 dollars, exclusive of interest and costs."

1

Complaint ¶ 6.  The plaintiff's factual predicate for invoking jurisdiction is that he has suffered damages in excess of $75,000. Id. at ¶¶ 15-19, 28-29, and 32-33.

The party invoking federal jurisdiction has the burden of proving to a "reasonable probability" that is claims satisfy the jurisdictional minimum amount. *See, e.g., Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).  Assuming, without conceding, the plaintiff's subjective belief in the accuracy of the allegation in the Complaint that the amount in controversy in this action exceeds the jurisdictional threshold amount, that belief is not an adequate basis for the exercise of subject matter jurisdiction where, facts come to light that indicate to a legal certainty, that the plaintiff "could never properly claim the required jurisdictional amount, and this was true when the action commenced." *Tongcook*, 14 F.3d at 785, *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L.Ed. 845 (1938)("[I]f from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."); *see also*, *Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.*, 166 F.3d 59 (2d Cir. 1999).

The allegations as to satisfaction of the jurisdictional amount are entitled to only a "rebuttable presumption" of accuracy. *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 115-16 (2d Cir. 2002).  Once the jurisdictional allegations in the complaint are challenged, the plaintiff is required to support its claims as to the amount in controversy with "competent proof and to "justify his allegations by a preponderance of the evidence." *McNutt v. General Motors Acceptance Corp of Indiana*, 298 U.S. 178, 189, 56 St. Ct. 780, 80 L.Ed. 1135 (1936); *United Food & Commercial*

*Workers Union, Local 919 AFL-CIO v. CenterMark Properties Meridian Square, Inc.*, 30 F.3d 298, 301 (2d Cit. 1994).

No document produced to date by any party or witness indicates that the plaintiff has suffered monetary damages sufficient to invoke federal jurisdiction. On the contrary, the evidence gathered in pre-litigation discovery establishes, to a legal certainty, that the amount in controversy with respect to the plaintiff's principal claim of unpaid wages cannot, and never has, exceeded $5,218.53. Complaint ¶ 18; *see also* **Cohen Affidavit ¶¶ 3-10** and **Fazzio Affirmation ¶¶ 3-4**. Nor can the plaintiff supplement the amount in controversy by aggregating the amount at issue in her breach of contract claims with the tort claims set forth in the Complaint. As a result, the Court lacks subject matter jurisdiction in this matter and the Complaint should be dismissed.

### B. The Amount in Controversy in the Plaintiff's Breach of Contract Claim Does Not Satisfy the Jurisdictional Minimum Amount.

The parties engaged in pre-trial discovery in which Plaintiff's employment contract, paystubs and schedule of hours worked were produced, showing that she was paid for all of the classes she taught during her time as an Instructor at Spiderbands. The Complaint alleges that Plaintiff taught approximately 148 classes (Complaint ¶ 16) at a rate of $200 per class (Complaint ¶ 12) (together with bonuses for filling the classes to more than 15 participants, which Plaintiff consistently failed to do). By Plaintiff's own allegations, the pay she would be due in full for all classes taught would be $29,600, which is well below the jurisdictional amount. Moreover, Plaintiff's Complaint admits that Plaintiff received net pay of at least $14,628.88 (Complaint ¶ 17-

3

18), which would equate to gross wages of about $24,381.47. *Id.* Thus, Plaintiff states that the unpaid wages claimed are at most $5,218.53. *Id.*

### C. The Plaintiff Cannot Aggregate Its Other Claims to Satisfy the Jurisdictional Amount.

None of plaintiff's other claims, discussed herein, if aggregated, could possibly give rise to damages in excess of the jurisdictional amount. The aggregation of claims brought under state law to meet the threshold amount required to invoke federal diversity jurisdiction is limited to the cases in which state law permits the recovery sought in the complaint. "A plaintiff may not rely upon a claim for damages that may not be legally awarded under state law in order to meet the threshold amount in controversy requirement under 28 U.S.C. § 1332." *Trepel v. Abdoulaye*, 185 F.Supp. 2d 308, 310 (S.D.N.Y. 2002), *citing Schwartz v. Victory Container Corp.*, 294 F.Supp. 866, 867 (S.D.N.Y. 1969)("In a diversity case the federal court must follow state law in ascertaining jurisdictional amount based on good faith claim for exemplary damages.").

Even if the statutory/tort theories set forth in the Complaint were legally sufficient, the Complaint fails to allege any basis for relief over and above $5,218.53, the maximum possible amount in controversy with respect to the Plaintiff's breach of contract claim. The Complaint fails to allege any basis in Count 1 for why Plaintiff would be entitled to any additional monetary or economic damages beyond the unpaid wages of $5,218.53 claimed (Complaint ¶¶ 26-29) and fails to allege any basis in Count 2 why amounts recoverable on Plaintiff's New York State Labor Law § 190 claims would exceed the unpaid wages of $5,218.53 claimed (Complaint ¶¶ 30-33), and fails to allege any basis in Count 3 why Plaintiff's "Retaliation" claim (which is otherwise defective as a matter of law) gives rises to a claim for damages that would exceed the unpaid wages of $5,218.53 claimed (Complaint ¶¶ 34-39), and fails to allege any basis in Count 4 why the statutory penalties sought, if proven and awarded, would satisfy the jurisdictional amounts, because they

admittedly would only raise the total amount claimed to $10,218.54 (Complaint ¶¶ 40-43), and fails to allege any basis in Count 5 why the statutory penalties sought, if proven and awarded, would satisfy the jurisdictional amounts, because they admittedly would only raise the total amount claimed to $15,218.54 (Complaint ¶¶ 44-46). Although Plaintiff's prayer for relief claims that damages are sought for mental anguish, emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering any other physical or mental injuries, none of these are available forms of relief the court may award on the claims alleged.

**II. PLAINTIFF HAS FAILED TO PLEAD A RETALIATION CLAIM UNDER THE NEW YORK LABOR LAW (PLAINTIFF'S THIRD CAUSE OF ACTION) AND THEREFORE THESE CLAIMS MUST BE DISMISSED UNDER FED. R. CIV. PRO. 12(B)(6).**

The anti-retaliation provision makes it illegal "for any person":

> "[T]o discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

29 U.S.C. § 215(a)(3). The plain language of 29 U.S.C.S. § 215(a)(3) limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor. *Claudia Brown v. U.S. Postal Service*, 1996 U.S. Dist. LEXIS 19753 (S.D.N.Y. 1996); *see also, Lambert v. Genesee Hospital*, 10 F.3d 46, 55 (2d Cir. 1993), *cert. denied*, 128 L. Ed.2d 339, 114 S. Ct. 1612 (1994).

To state a retaliation claim under New York Labor Law ("NYLL") § 215, "a plaintiff must adequately plead that while employed by the defendant, he or she made a complaint about the employer's violation of New York Labor Law and was terminated or otherwise penalized, discriminated against, or subjected to an adverse employment action as a result." *Higueros v. New*

5

*York State Catholic Health Plan, Inc.*, 526 F Supp 2d 342, 347 (EDNY 2007); see *Castagna v. Luceno*, 2011 WL 1584593, *12, 2011 US Dist LEXIS 45567, *41 (SDNY 2011); *Ting Yao Lin v. Hayashi Ya II*, Inc.., 2009 WL 289653, *7, 2009 US Dist LEXIS 12963, *24 (SDNY 2009), adopted by 2009 WL 513371, 2009 US Dist LEXIS 15513 (SDNY 2009). Further, "a plaintiff must allege that he or she complained about a specific violation of the Labor Law to support a claim of retaliatory discharge pursuant to Labor Law § 215." *Epifani v Johnson*, 65 AD3d 224, 235-6 (2d Dept 2009); see *Castagna*, *supra*, 2011 WL 1584593, at *12, 2011 US Dist LEXIS 45567, at *41.

Plaintiff's Complaint states in conclusory fashion that "on January 30, Plaintiff raised concerns that she had with the Company's failure to pay her in accordance with the agreed-upon terms of her employment agreement and failure to issue her pay stubs." Complaint ¶¶ 20-25.  The Complaint goes on to state that, "Plaintiff's complaints related to the Company's failure to pay her in accordance with the agreed-upon terms of her employment agreement and failure to issue pay stubs **constituted protected activity under the NYLL**." *Id.* (emphasis added).  Finally, the Complaint alleges that Defendants terminated Plaintiff's employment on February 5, 2018 for engaging in "protected activity" by raising complaints about her pay and not for legitimate, non-retaliatory reasons. *Id.*  These complaints were made to a supervisor, not to any state body, and no legal action was contemplated or threatened.  But, putting that to the side, as some of the state case law would view certain complaints to a supervisor as actionable, the simple fact of the matter is, the nature of the complaints themselves, viewed in the light most favorable to the plaintiff, and taking all of the allegations in the Complaint as true, still does not make out a specific complaint

that would be actionable, so as to give rise to a claim of retaliation under the New York Labor Law as interpreted by our courts.

In actuality, plaintiff's response to the February 2nd meeting did not allege non-payment or failure to produce pay stubs, as plaintiff alleges. Rather, it was a string of generalized, unspecified grievances. The entirety of that e-mail is excerpted here:

> "From: Brittany C <brittanyc@spiderbands.com>
> Date: Fri, Feb 2, 2018 at 5:53 PM
> Subject: Meeting Complaint 2/2/2018
> To: Amanda Sauer <amanda@spiderbands.com>
> Cc: Franci Cohen <franci@spiderbands.com>, Brittany Clybourn <brittanyclybourn@gmail.com>
>
> Hi Amanda,
>
> This email regarding the unscheduled meeting that was held this morning, said to be regarding the Tuesday, 1/30/2018, 6:30pm Jumpstrike class.
>
> All that was mentioned in the unscheduled meeting regarding the class in topic. Taking, the two Jumpstrike classes of Franci (unknown date and time), and structuring future classes per discussed fashion.
>
> In leu of all other things mentioned and discussed in the unscheduled meeting, I upmost feel attacked by the CEO/Founder of Spiderbands, Franci Cohen. I was told I discussed my pay grade, when I never once did such with co workers and I was told I received a certain level of compensation (untruth based upon my contract), and my pay rate was disclosed to a fellow co worker, which now makes me feel uncomfortable in my place of work. My CEO/Founder unprofessionally walked out of our unscheduled meeting and stated that the matter at hand was no longer being dealt with (my contract).
>
> There have been multiple occasions where I have been mislead and taken advantage of under the employment of Spiderbands. (3) Late payroll payments, which has caused my livelihood to be negatively effected, completing tasks outside of my job description (Turning over and Setting up for Franci's class, with the cleaning crew) which makes me feel as though I'm working like a slave. Multiple occasions of my contract being breached, emotional stress at the workplace, and loss of modeling jobs through my agency Wilhelmina models due to the restrictions of CEO/Founder of Spiderbands, Franci Cohen. It was also made clear to me that I was being delivered a "warning" for not conforming to "class structure", when it was brought to my attention that a co worker deviates far away from "class

7

> structure" and no "warning" has been given on behalf of this fact. This also makes me feel harassed.
>
> Every meeting scheduled/unscheduled that has been had with CEO/Founder of Spiderbands, Franci Cohen present, my pay grade has been disclosed, with the mentioning of Co Workers pay rate. This has made me feel uncomfortable, and ultimately harassed at the workplace. I had a break down today due to being attacked by CEO/Founder, Franci Cohen during our meeting today. Outing my pay rate to a co worker, verbally falsifying my pay rate (including incentives), and attempting to demean my character in stating that I have given knowledge of my pay scale to my co workers, which I have never done.
>
> In conclusion, I am stating my emotional distress, uncomfortability at the workplace, unprofessionalism towards me from my CEO/Founder Franci Cohen, harassment, and attempt to demean my character. I have witnesses to attest to all of the above and will speak on my behalf if needed.
>
> Thank you,
> Brittany Clybourn"

*Cohen Affidavit* ¶ **11** and *Fazzio Affirmation* ¶ **4**.

Since plaintiffs' complaint does not allege that the plaintiffs' employment was terminated subsequent to filing a formal complaint or testifying, plaintiffs have not stated a retaliation claim under Section 215(a)(3). *Id.* The simple fact of the matter is that plaintiff Brittany Clybourn was insubordinate and failed to report to work subsequent to a reprimand for teaching a "boxing class" without using boxing techniques, which caused the Company to have to issue refunds and placate embittered attendees who didn't get what they paid for. *See Cohen Aff., passim.* Despite direction and guidance at all relevant times from Franci Cohen, plaintiff Brittany Clybourne was insubordinate and failed to do her job almost since she first became employed by Spiderbands. *See Cohen Aff., passim.* Plaintiff's rambling e-mail brings up a number of generalized grievances but does not allege she was not paid or did not receive paystubs, or otherwise clearly make out a "complaint" for purposes of the NYLL. Far from being fired in retaliation for enforcing her rights through a formal complaint or testimony, Ms. Clybourn was fired because she was insubordinate

and failed to report to work and was not following the instructions of her Supervisor or satisfying class attendees for her classes—which was her job. *Id.*

While some New York state cases have taken a broader view of what constitutes a retaliation claim under the NYLL, federal courts in New York interpreting NYLL § 215 have consistently taken a dim view of unspecified and generalized complaints:

> "It is well settled in this Circuit that the FLSA "limits the [retaliation] cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor." *Lambert v. Genesee Hospital*, 10 F.3d 46, 55 (2d Cir. 1993). See also *Aneja v. Triborough Bridge & Tunnel Auth.*, 35 Fed. Appx. 19, 2002 U.S. App. LEXIS 9786 (2d Cir. 2002); *Thomas v. S.E.A.L. Security, Inc.*, 2007 U.S. Dist. LEXIS 63841 at *45-*46 (S.D.N.Y. 2007); *Shah v. Wilco Sys., Inc.*, 126 F.Supp.2d 641, 651-652 (S.D.N.Y. 2000). **Furthermore, claims for retaliation under the New York Labor Law require that the employee specifically inform her supervisor that the employer's pay practices violate particular provisions of the New York Labor Law.** See *Nicholls v. The Brookdale Univ. Hospital Med. Ctr.*, 2004 U.S. Dist. LEXIS 12816 (E.D.N.Y. 2004); *Ellis v. HarperCollins Pub., Inc.*, 2000 U.S. Dist. LEXIS 8598 (S.D.N.Y. 2000). **Because there is no evidence that any of the plaintiffs ever filed a formal complaint for violations of the FLSA, or complained that Carrols was violating specific provisions of the New York Labor Law, plaintiffs' retaliation claims fail as a matter of law, and must be dismissed.**"

*Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 166 (WDNY 2007)(emphasis added).

At best, plaintiff's complaints that she was required to completed tasks "outside of my job description (Turning over and Setting up for Franci's class with the cleaning crew)" which made her feel like "a slave" and that she "had a break down today" because she felt that her Supervisor was trying to "demean her character"—is a weak and flailing attempt to justify her insubordinate behavior—and a rebuff for having to "chip in" on some basic preparatory tasks related to her scheduled job duties, which all employees at the Company would do from time to time, as needed. ***Cohen Affidavit*** **¶¶ 3-11** and **Ex. B, thereto**.  Whatever amounts of time were involved in completing these tasks, they were minimal, and occurred on only a few occasions.  Plaintiff has

not made out a claim that she was not compensated for ancillary duties related to her role as an instructor. In order to establish a hypothetical claim that a plaintiff was not properly compensated for work performed off-the-clock, a plaintiff must demonstrate that they completed work for which the Company did not properly compensate her. *Anderson v. Mt. Clemens Pottery Company*, 328 U.S. 680, 686-687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946). Simply stating that someone did a few tasks outside of their normal duties, without any commensurate time records, or other evidence, is insufficient to make out a claim for unpaid wages or to serve as a predicate for a report of non-compliance with specific provisions of the New York Labor Law, sufficient to give rise to a retaliation claim. *Id.* Thus, plaintiff's retaliation claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons defendants' Motion to Dismiss should be granted dismissing the Complaint in its entirety, with prejudice, for lack of subject matter jurisdiction, and dismissing plaintiff's retaliation claims with prejudice for failing to state a claim on which relief may be granted and awarding all attorney's fees and costs of suit to defendants, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       May 18, 2018

Respectfully submitted,

FAZZIO LAW OFFICES

By: s/ John P. Fazzio  
    JOHN P. FAZZIO (1752)  
    New York Office  
    26 Broadway, 21st Floor  
    New York, NY 10004  
    Phone: (201) 529-8024  
    Fax: (201) 529-8011  
    E-mail: jfazzio@fazziolaw.com

*Attorneys for Defendants Spiderbands and Franci Cohen*