**FILOSA GRAFF**LLP

Gregory N. Filosa
(212) 256-1780
gfilosa@filosagraff.com

May 18, 2018

VIA ECF

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *Clybourn v. Spiderbands LLC, et al*
                 Docket No. 18-CV-3688 (ER)(HBP)

Dear Judge Ramos,

This firm represents Plaintiff in the above-referenced matter and we write pursuant to § 2.A of Your Honor's Individual Practices to respectfully request a pre-motion conference so that Plaintiff can request permission to file a motion to strike the motion to dismiss filed by Defendants Spiderbands LLC ("Spiderbands" or the "Company") and Franci Cohen (collectively, "Defendants") earlier today (the "Motion to Dismiss").

As an initial matter, Defendants failed to follow Your Honor's Individual Practices in filing the Motion to Dismiss without first requesting a pre-motion conference. Thus, Plaintiff would respectfully request the Court strike the Motion to Dismiss unless and until Defendants comply with Your Honor's Individual Practices. But turning to the substance of the Motion to Dismiss, the motion is clearly frivolous and will fail for the reasons outlined below.

**Defendants Have Failed to Show that Venue in this District is Improper**

Defendants list Fed. R. Civ. P. 12(b)(3) as one of the grounds for the Motion to Dismiss, presumably arguing that venue is improper in this District. However, the Motion to Dismiss fails to include any argument regarding how venue is improper in the Southern District of New York. Indeed, given that the Company's sole location is located in this District and Plaintiff worked at this location in this District there do not appear to be any legitimate grounds for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3).[1]

**Defendants Cannot Establish that the Amount in Controversy is Less than $75,000**

While Defendants challenge Plaintiff's allegation that the amount in controversy exceeds $75,000, they cannot establish that there is a "legal certainty" that Plaintiff cannot recover

---

[1] 29 U.S.C. § 1391(b) provides that "[a] civil action may be brought in … a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

damages in excess of $75,000. *See Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) ("it must appear to a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke federal jurisdiction"). In seeking to dismiss Plaintiff's complaint on these grounds, Defendants focus on the breach of contract damages and statutory damages under the New York Labor Law ("NYLL"), yet ignore the lost wages, liquidated damages, emotional distress damages, and attorneys' fees that Plaintiff is seeking pursuant to her NYLL retaliation claim. (*See* Complaint ¶¶ 36-39.)

Indeed, the documents produced by Defendants in support of the Motion to Dismiss confirm that the amount in controversy exceeds the statutory threshold.[2] Thus, Defendants cannot establish that there is a "legal certainty" that the amount in controversy is less than $75,000 and any argument to the contrary will fail. *See Maheno v. Bankers Tr. Co.*, No. 89 Civ. 3768 (MGC), 1991 U.S. Dist. LEXIS 337 (S.D.N.Y. Jan. 14, 1991) (finding that employer had failed to show to a legal certainty that former employee could not recover more than the amount in controversy where the former employee sought lost wages and back pay).

**Defendants' Motion to Dismiss Plaintiff's NYLL Retaliation Claim is Meritless**

First, Defendants' citation to 29 U.S.C. § 215(a)(3) is puzzling given that Plaintiff's retaliation claims is based on the NYLL and not the Fair Labor Standards Act ("FLSA"). NYLL § 215, the anti-retaliation provision upon which Plaintiff bases her claims, provides the following:

> No employer … shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee because such employee has made a complaint to his or her employer … that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner…

Defendants appear to argue that, to engage in protected activity under the NYLL, an employee must make their complaint to a "state body" (*see* Defs' Memo, at p. 6), but that is not supported by a plain reading of the statutory language. *See also Belizaire v. Rav Investigative & Sec. Servs.*, 61 F. Supp. 3d 336, 355 (S.D.N.Y. 2014) ("internal complaints are explicitly covered by the NYLL"); *Duarte v. Tri-State Physical Med. & Rehab., P.C.*, No. 11 Civ. 3765(NRB), 2012 U.S. Dist. LEXIS 96249, at *10 (S.D.N.Y. July 10, 2012) ("the NYLL's anti-retaliation provision unquestionably protects informal complaints made to an employer"). Thus, whether Plaintiff filed a formal complaint in court or with any state or federal agency is irrelevant.[3]

---

[2] The Confirmation of an Offer of Employment attached as Exhibit A to Affidavit of Franci Cohen (*see* ECF Docket Doc. #10-1) confirms that the Company had agreed to pay Plaintiff $200 per class for a minimum of 12 classes per week, which equates to $124,800.00 in annual compensation.

[3] Defendants appear to be referring to the holding from *Lambert v. Genesee Hospital*, 10 F.3d 46 (2d Cir. 1993), which required an employee to file a formal complaint to engage in protected activity under FLSA § 215. *Id.* at 55. However, that decision has since been overruled. *See Greathouse v. JHS Security, Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

Second, Defendants inappropriately cite to materials outside the four corners of the Complaint.[4] *See, e.g., Hirsch v. City of N.Y.*, No. 17 Civ. 965 (ER), 2018 U.S. Dist. LEXIS 4598, at *2 n.1 (S.D.N.Y. Jan. 10, 2018) ("In ruling on a motion to dismiss pursuant to Rule 12(b)(6) a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein.") Plaintiff respectfully requests that the Court decline to consider materials outside the well-pled allegations in the Complaint.

Finally, Defendants' motion will fail because Plaintiff's Complaint alleges facts sufficient to establish a claim under NYLL § 215. In order to state such a claim, Plaintiff must allege that (1) she engaged in protected activity known to the employer, (2) she suffered an adverse employment action, and (3) a causal connection between the protected activity and the adverse employment action. *See Guallpa v. NY Pro Signs Inc.*, 2014 U.S. Dist. LEXIS 77033, at *21 (S.D.N.Y. May 27, 2014). Here, Plaintiff does exactly that. (*See* Complaint, ¶¶ 21-25.) Based on the allegations in the Complaint, it is clear that Plaintiff has alleged a claim for retaliation under the NYLL and the Motion to Dismiss will fail.

In light of the foregoing, Plaintiff respectfully requests that the Court schedule a pre-trial conference so that Plaintiff can discuss her anticipated motion to strike or, in the alternative, simply deny Defendants the ability to file a motion to dismiss unless they can make an argument that is not frivolous.

Respectfully submitted,

Gregory N. Filosa

cc: All Counsel of Record (via ECF)

---

[4] While the court need not consider evidence outside the four corners of the Complaint, the evidence presented by Defendants is incomplete. Specifically, Defendants provided the Court with one of Plaintiff's emails referenced in the Complaint, but failed to provide both emails, in an apparent attempt to mislead the Court regarding the nature of Plaintiff's complaints. The second email complaint, which is attached hereto as Exhibit A to give the Court the complete picture, is clear and compelling evidence that Plaintiff engaged in activity protected by the NYLL. Indeed, Plaintiff specifically states that Defendants were not paying her properly, which is a violation of NYLL 191(c), and had not been issuing her paystubs, which is a violation of NYLL § 195(3): "I have not one single pay stub in my possession, and my first few bank statements show what I should be paid based upon my contract … I have not received my proper pay or pay stub. . . This is against the law and makes me feel very uncomfortable." (*See* Feb. 4, 2018 Email, attached as Exhibit A).