# FAZZIO LAW OFFICES

164 Franklin Turnpike
Mahwah, NJ 07430
P: (201) 529-8024
F: (201) 529-8011

John P. Fazzio, III \*\*
Daniel R. Hayden\*
Zoltan Simon, II+
Zubin Haghi \*

**PLEASE SEND CORRESPONDENCE
TO THE MAHWAH OFFICE**

**New York Office**
26 Broadway, 21st Floor
New York, NY 10004

\*\* Also Member of NY & PA
+ Member of NY Only
\* Member of NJ Only

May 21, 2018

<u>Via ECF Filing</u>
The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *Brittany Clybourn v. Spiderbands LLC and Franci Cohen*
     **Request for Pre-Motion Conference Pursuant to Judge's Individual Rules**
     <u>Index No.: 18 CIV 3688 (ER)</u>

Dear Judge Ramos:

  By way of this letter, I am requesting a pre-motion conference to permit my client to file a Motion to Dismiss the Complaint in this matter. The defendants move for the dismissal of the Complaint on the grounds that the amount in controversy in this matter does not satisfy the jurisdictional minimum amount.

  The Complaint alleges that this matter involves an amount in controversy sufficient to invoke federal jurisdiction in cursory and conclusory terms, stating only that "this action involves a matter in controversy that exceeds the sum of $75,000 dollars, exclusive of interest and costs." Complaint ¶ 6. The plaintiff's factual predicate for invoking jurisdiction is that she has suffered damages in excess of $75,000. <u>Id.</u> at ¶¶ 15-19, 28-29, and 32-33.

  The party invoking federal jurisdiction has the burden of proving to a "reasonable probability" that its claims satisfy the jurisdictional minimum amount. *See, e.g., Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). Assuming, without conceding, the plaintiff's subjective belief in the accuracy of the allegation in the Complaint that the amount in controversy in this action exceeds the jurisdictional threshold amount, that belief is not an adequate basis for the exercise of subject matter jurisdiction where, facts come to light that indicate to a legal certainty, that the plaintiff "could never properly claim the required jurisdictional amount, and this was true when the action commenced." *Tongcook*, 14 F.3d at 785, *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L.Ed. 845 (1938)("[I]f from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the

purpose of conferring jurisdiction, the suit will be dismissed."); *see also*, *Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.*, 166 F.3d 59 (2d Cir. 1999).

The allegations as to satisfaction of the jurisdictional amount are entitled to only a "rebuttable presumption" of accuracy. *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 115-16 (2d Cir. 2002). Once the jurisdictional allegations in the complaint are challenged, the plaintiff is required to support its claims as to the amount in controversy with "competent proof and to "justify his allegations by a preponderance of the evidence." *McNutt v. General Motors Acceptance Corp of Indiana*, 298 U.S. 178, 189, 56 St. Ct. 780, 80 L.Ed. 1135 (1936); *United Food & Commercial Workers Union, Local 919 AFL-CIO v. CenterMark Properties Meridian Square, Inc.*, 30 F.3d 298, 301 (2d Cit. 1994).

No document produced to date by any party or witness indicates that the plaintiff has suffered monetary damages sufficient to invoke federal jurisdiction. On the contrary, the evidence gathered in pre-litigation discovery establishes, to a legal certainty, that the amount in controversy with respect to the plaintiff's principal claim of unpaid wages cannot, and never has, exceeded $5,218.53.

The parties engaged in pre-trial discovery in which Plaintiff's employment contract, paystubs and schedule of hours worked were produced, showing that she was paid for all of the classes she taught during her time as an Instructor at Spiderbands. The Complaint alleges that Plaintiff taught approximately 148 classes (Complaint ¶ 16) at a rate of $200 per class (Complaint ¶ 12) (together with bonuses for filling the classes to more than 15 participants, which Plaintiff consistently failed to do). By Plaintiff's own allegations, the pay she would be due in full for all classes taught would be $29,600, which is well below the jurisdictional amount. Moreover, Plaintiff's Complaint admits that Plaintiff received net pay of at least $14,628.88 (Complaint ¶ 17-18), which would equate to gross wages of about $24,381.47. *Id.* Thus, Plaintiff states that the unpaid wages claimed are at most $5,218.53. *Id.*

None of plaintiff's other claims, discussed herein, if aggregated, could possibly give rise to damages in excess of the jurisdictional amount. The aggregation of claims brought under state law to meet the threshold amount required to invoke federal diversity jurisdiction is limited to the cases in which state law permits the recovery sought in the complaint. "A plaintiff may not rely upon a claim for damages that may not be legally awarded under state law in order to meet the threshold amount in controversy requirement under 28 U.S.C. § 1332." *Trepel v. Abdoulaye*, 185 F.Supp. 2d 308, 310 (S.D.N.Y. 2002), *citing Schwartz v. Victory Container Corp.*, 294 F.Supp. 866, 867 (S.D.N.Y. 1969)("In a diversity case the federal court must follow state law in ascertaining jurisdictional amount based on good faith claim for exemplary damages.").

Even if the statutory/tort theories set forth in the Complaint were legally sufficient, the Complaint fails to allege any basis for relief over and above $5,218.53, the maximum possible amount in controversy with respect to the Plaintiff's breach of contract claim. The Complaint fails to allege any basis in Count 1 for why Plaintiff would be entitled to any additional monetary or economic damages beyond the unpaid wages of $5,218.53 claimed (Complaint ¶¶ 26-29) and fails to allege any basis in Count 2 why amounts recoverable on Plaintiff's New York State Labor Law § 190 claims would exceed the unpaid wages of $5,218.53 claimed (Complaint ¶¶ 30-33), and fails to allege any basis in Count 3 why Plaintiff's "Retaliation" claim (which is otherwise defective as a matter of law) gives rises to a claim for damages that would exceed the unpaid wages of $5,218.53 claimed (Complaint ¶¶ 34-39), and fails to allege any basis in Count 4 why the statutory penalties sought, if proven and awarded, would satisfy the jurisdictional amounts, because they admittedly would only raise the total amount claimed to $10,218.54 (Complaint ¶¶ 40-43), and

fails to allege any basis in Count 5 why the statutory penalties sought, if proven and awarded, would satisfy the jurisdictional amounts, because they admittedly would only raise the total amount claimed to $15,218.54 (Complaint ¶¶ 44-46).  Although Plaintiff's prayer for relief claims that damages are sought for mental anguish, emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering any other physical or mental injuries, none of these are available forms of relief the court may award on the claims alleged.

In light of the foregoing, defendants request a pre-motion conference pursuant to 2(A)(ii) of your Honor's Individual Practice Rules, so that the contemplated motion may be filed and adjudicated on the merits.

Best regards,

FAZZIO LAW OFFICES

By: */s/ John P. Fazzio*
     JOHN P. FAZZIO ESQ.

cc: All Counsel of Record (via ECF)