**FILOSA GRAFF**LLP

Gregory N. Filosa
(212) 256-1780
gfilosa@filosagraff.com

May 21, 2018

<u>VIA ECF</u>

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

           Re:    *Clybourn v. Spiderbands LLC, et al*
                   Docket No. 18-CV-3688 (ER)(HBP)

Dear Judge Ramos,

This firm represents Plaintiff in the above-referenced matter and we write in response to the letter submitted by Defendants requesting a pre-motion conference ("Defendants' Pre-Motion Letter"). Because Defendants' proposed motion cannot overcome a number of fatal flaws,[1] Plaintiff would respectfully request that the Court hold a Fed. R. Civ. P. 16(a) initial conference at the same time as the pre-motion conference and permit discovery to proceed while Defendants' motion is pending.

Defendants simply cannot establish that there is a "legal certainty" that Plaintiff cannot recover damages in excess of $75,000 – therefore, their motion will fail. *See Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) ("it must appear to a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke federal jurisdiction"). Plaintiff is entitled to a presumption that "the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). Moreover, "[i]f the right of recovery is uncertain, the doubt should be resolved . . . in favor of the subjective good faith of the plaintiff." *Id*. Defendants cannot rebut this presumption on the record that will be before the Court on Defendants' proposed motion to dismiss.

In seeking to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, Defendants focus on the breach of contract damages and statutory damages under the New York Labor Law ("NYLL"), while completely ignoring the lost wages, liquidated damages, emotional distress damages, and attorneys' fees that Plaintiff is seeking pursuant to her NYLL retaliation claim. (*See* Complaint ¶¶ 36-39.) These damages are more than sufficient to establish that the amount in controversy exceeds the jurisdictional requirement. *See Clark v. Gotham Lasik, PLLC*, No. 11 Civ. 1307 (LGS)(JCF), 2013 U.S. Dist. LEXIS 119012, at *5 (S.D.N.Y. Aug. 2, 2013) (finding

---

[1]     Defendants' Pre-Motion Letter focuses entirely on whether Plaintiff has alleged facts sufficient to establish diversity jurisdiction. Thus, Defendants appear to have abandoned their arguments in their prematurely-filed motion to dismiss that venue was not proper in this District or that Plaintiff had not stated a claim for retaliation under the New York Labor Law.

Hon. Edgardo Ramos
May 21, 2018
Page 2

amount in controversy requirement satisfied based on the alleged back pay, front pay, punitive damages, fees and costs) adopted by 2013 U.S. Dist. LEXIS 118138 (S.D.N.Y. Aug. 20, 2013); *Wise v. Marriott Int'l, Inc.*, No. 06 Civ. 11439 (LAP), 2007 U.S. Dist. LEXIS 55611, at *15-16 (S.D.N.Y. July 30, 2007) (finding amount in controversy satisfied where the plaintiff sought back pay of $13,282, reinstatement, and "compensatory damages for the indignity and humiliation of discrimination"); *Maheno v. Bankers Tr. Co.*, No. 89 Civ. 3768 (MGC), 1991 U.S. Dist. LEXIS 337 (S.D.N.Y. Jan. 14, 1991) (finding that employer had failed to show to a legal certainty that former employee could not recover more than the amount in controversy where the former employee sought lost wages and back pay).

The cases cited by Defendants only further support the inescapable conclusion that Defendants cannot establish that there is a "legal certainty" that Plaintiff cannot recover damages in excess of $75,000. Specifically, Defendants rely on the following cases, none of which actually support their argument:

- *Ocean Ships, Inc. v. Stiles*, **315 F.3d 111 (2d Cir. 2002):** Defendants cite to the Second Circuit's decision in *Ocean Ships* for the proposition that "[t]he allegations as to satisfaction of the jurisdictional amount are entitled to only a 'rebuttable presumption' of accuracy." (*See* Defendants' Pre-Motion Letter at 2.) While this may be true, this case is distinguishable for two reasons: (i) the Second Circuit was reviewing a district court grant of summary judgment in favor of the defendant and (ii) with the benefit of a fully-developed record, ***the court found that the plaintiff had satisfied the jurisdictional threshold***.

- *McNutt v. Gen. Motors Acceptance Corp.*, **298 U.S. 178 (1936):** Defendants cite to the Supreme Court's decision in *McNutt* for the proposition that "[o]nce the jurisdictional allegations in the complaint are challenged, the plaintiff is required to support its claim as to the amount in controversy with 'competent proof [sic] and to 'justify his allegations by a preponderance of the evidence." (*See* Defendants' Pre-Motion Letter at 2.) As with *Ocean Ships*, the procedural posture of *McNutt* is distinguishable from the instant matter. In *McNutt*, the defendant denied the plaintiffs' allegation as to the amount in controversy and the Supreme Court permitted additional briefing on the issue. *See McNutt*, 298 U.S. at 179-80. Conversely, the record on Defendants' proposed motion will consist entirely of Plaintiff's unrebutted allegation that the amount in controversy exceeds $75,000.

- *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*, **30 F.3d 298 (2d Cir. 1994):** The Second Circuit's decision in *Centermark* is also plainly distinguishable. In *Centermark*, the court remanded the case to the district court to allow the parties to submit evidence on the amount in controversy. It is, however, important to note that the court's concerns about whether the amount in controversy was satisfied centered on the court's finding that the "claim is essentially one for injunctive relief" (*id.* at 305) – a fact that is not present here where Plaintiff is seeking back pay,

front pay, emotional distress damages,[2] liquidated damages, as well as attorneys' fees and costs.

In tacit recognition of the sufficiency of Plaintiff's allegations, Defendants intend to rely on "evidence" outside of the four corners of the Complaint in support of their proposed motion to dismiss. Specifically, Defendants baldly assert that "[n]o document produced to date by any party or witness indicates that the plaintiff has suffered monetary damages sufficient to invoke federal jurisdiction" (*see* Defendants' Pre-Motion Letter at 2), but again, this completely ignores the procedural posture of the instant matter. Plaintiff is not required to present documentary evidence establishing the amount in controversy with the filing of the Complaint.

Plaintiff is also perplexed by Defendants' reference to "pre-trial discovery" that the parties allegedly engaged in. In actuality, Plaintiff sent Defendants a draft of the complaint before filing and, in response, Defendant provided Plaintiff with a copy of Plaintiff's employment contract and what Defendants said was a schedule of the classes that Plaintiff taught. Plaintiff's counsel requested copies of Plaintiff's paystubs, but Defendants failed to provide them.[3] Regardless, whether Defendants provided Plaintiff with any records before Plaintiff filed the Complaint is irrelevant as it falls outside of the four-corners of the Complaint and, is thus, outside of the record that will be before the Court on Defendants' proposed motion to dismiss. *See, e.g., Hirsch v. City of N.Y.*, No. 17 Civ. 965 (ER), 2018 U.S. Dist. LEXIS 4598, at *2 n.1 (S.D.N.Y. Jan. 10, 2018) ("In ruling on a motion to dismiss pursuant to Rule 12(b)(6) a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein.")

As the above demonstrates, Defendants' proposed motion to dismiss is futile.

Respectfully submitted,

Gregory N. Filosa

cc: All Counsel of Record (via ECF)

---

[2] Defendants argue – without any citation – that emotional distress damages are not recoverable under NYLL § 215. (*See* Defendants' Pre-Motion Letter at 3.) This is simply not correct. Numerous courts have found that NYLL § 215 permits the recovery of emotional distress damages. *Belizaire v. Rav Investigative & Sec. Servs.*, 61 F. Supp. 3d 336, 366 (S.D.N.Y. 2014) ("The NYLL … does authorize granting of 'all appropriate relief' … and courts have found emotional distress damages to be an appropriate award"); *see also Isigi v. Dorvilier*, No. 16 Civ. 2218 (FB)(SMG), 2018 U.S. Dist. LEXIS 55940, at *1-2 (E.D.N.Y. Apr. 2, 2018); *Perez v. Jasper Trading, Inc.*, No. 05 Civ. 1725 (ILG)(VVP), 2007 U.S. Dist. LEXIS 103814, at *17 (E.D.N.Y. Nov. 27, 2007).

[3] Thus, Defendants' counsel's representation to the Court that they had already provided Plaintiff with copies of her paystubs is simply not correct.