UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BRITTANY CLYBOURN,

                Plaintiffs

                                 Index No.  18-cv-3688

vs.

SPIDERBANDS LLC and FRANCI COHEN,

                Defendant
_____

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**<u>On the Brief</u>**

**John P. Fazzio**

**Oral Argument Requested**

John P. Fazzio, Esq.
FAZZIO LAW OFFICES
26 Broadway, 21st Floor
New York, NY 10004
Phone: (201) 529-8024
Fax: (201) 529-8011
jfazzio@fazziolaw.com

*Attorneys for Defendants Spiderbands LLC and Franci Cohen*

# **TABLE OF CONTENTS**

**Table of Contents**……………………………………………………………………………i

**Table of Authorities**..………………………………………………………………………iii

**PRELIMINARY STATEMENT**…………………………………………………………..1

**STATEMENT OF FACTS**…………………………………………………………………1

**STANDARD OF REVIEW**. …………………………………………………………….1

I.  THE COURT LACKS SUBJECT MATTER JURISDICTION IN THIS ACTION..2

    A.  **Plaintiff Has Failed to Plead Damages in Excess of the Jurisdictional Amount**…....……………………………………………………………2

    B.  **The Amount in Controversy in the Plaintiff's Breach of Contract Claim Does Not Satisfy the Jurisdictional Minimum Amount**…………………………..5

II.  PLAINTIFF HAS FAILED TO PLEAD A RETALIATION CLAIM UNDER THE NEW YORK LABOR LAW (PLAINTIFF'S THIRD CAUSE OF ACTION)……...9

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Mt. Clemens Pottery Company*,
  328 U.S. 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946) .................................................................. 10

*Castagna v. Luceno*,
  2011 WL 1584593, *12, 2011 US Dist LEXIS 45567, (SDNY 2011) ...................................... 5

*Claudia Brown v. U.S. Postal Service*,
  1996 U.S. Dist. LEXIS 19753 (S.D.N.Y. 1996) ...................................................................... 5

*Epifani v Johnson*,
  65 AD3d 224 (2d Dept 2009) ................................................................................................... 6

*Higueros v. New York State Catholic Health Plan, Inc.*,
  526 F Supp 2d 342 (EDNY 2007) ............................................................................................ 5

*Lambert v. Genesee Hospital*,
  10 F.3d 46 (2d Cir. 1993) .......................................................................................................... 5

*McNutt v. General Motors Acceptance Corp of Indiana*,
  298 U.S. 178, 56 St. Ct. 780, 80 L.Ed. 1135 (1936) ................................................................. 3

*Ocean Ships, Inc. v. Stiles*,
  315 F.3d 111 (2d Cir. 2002) ...................................................................................................... 2

*Schwartz v. Victory Container Corp.*,
  294 F.Supp. 866 (S.D.N.Y. 1969) ............................................................................................. 4

*Seever v. Carrols Corp.*,
  528 F. Supp. 2d 159 (WDNY 2007) ......................................................................................... 9

*Ting Yao Lin v. Hayashi Ya II*, Inc..,
  2009 WL 289653, *2009 US Dist LEXIS 12963, (SDNY 2009) ............................................. 6

*Tongkook America, Inc. v. Shipton Sportswear Co.*,
  14 F.3d 781, 784 (2d Cir. 1994) ................................................................................................ 2

*Trepel v. Abdoulaye*,
  185 F.Supp. 2d 308 (S.D.N.Y. 2002) ........................................................................................ 4

*United Food & Commercial Workers Union, Local 919 AFL-CIO v. CenterMark Properties
  Meridian Square, Inc.*, 30 F.3d 298, 301 (2d Cit. 1994) ............................................................. 3

*Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.*,
  166 F.3d 59 (2d Cir. 1999) ........................................................................................................ 2

**Statutes**

28 U.S.C. § 1332 ................................................................................................................................ 1, 4

29 U.S.C. § 215(a)(3) ........................................................................................................................... 5

29 U.S.C.S. § 215(a)(3) ........................................................................................................................ 5

**PRELIMINARY STATEMENT**

The defendants in the above-captioned action, Spiderbands LLC, ("Spiderbands") and Franci Cohen ("Cohen"), respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**STATEMENT OF FACTS**

The facts pertinent to this motion ae set forth in the Affidavit of Franci Cohen (the "Cohen Affidavit") and the Affirmation of John P. Fazzio, Esq. (the "Fazzio Affirmation"), both sworn to on May 18, 2018, to which the Court is respectfully referred.

**SUMMARY OF THE ARGUMENT**

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff's retaliation claims should be dismissed with prejudice as plaintiff has failed to plead facts making out a cognizable cause of action under the New York Labor Law.

**I.     STANDARD FOR A 12(B)(6) MOTION**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999). A complaint should be dismissed only if it does not contain enough allegations of fact to state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 2007 U.S. LEXIS 5901, at *47 (2007). In this regard, "[t]he plaintiff's factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, No. 06-4908, 507 F.3d 117, 2007 U.S. App. LEXIS 24728, at *7 (2d Cir. Oct. 23, 2007). According to the Second Circuit,

"[i]n last term's Twombly decision . . . the Supreme Court held that a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Id.*

In deciding a Rule 12(b)(6) motion, the Court accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted); *accord Jaghory v. New York State Dep't of Ed.*, 131 F.3d 326, 329 (2d Cir. 1997). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). To survive a motion to dismiss, a complaint must "state[] a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)); *see generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Ashcroft, 129 S. Ct. at 1949).

## II. DOCUMENATION THE DISTRICT COURT CAN CONSIDER IN DECIDING A 12(B)(6) MOTION TO DISMISS

When deciding a motion to dismiss based on Rule 12(b)(6), the Court is entitled to consider the following:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [a] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts

of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Weiss v. Inc. Vill. of Sag Harbor*, No. 10-2603, 762 F. Supp. 2d 560, 2011 U.S. Dist. LEXIS 6390, 2011 WL 222480, at *4 (E.D.N.Y. Jan. 24, 2011) (internal quotation marks omitted); accord *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). A document is considered "integral" to the complaint where the plaintiff has "reli[ed] on the terms and effect of [the] document in drafting the complaint." *Chambers*, 282 F.3d at 153 (emphasis omitted). Such reliance "is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id.*; see *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (integral documents may include documents that are partially quoted in the complaint or on which plaintiff relied in drafting the complaint).

A district court may exercise its discretion in considering materials that do not fall within any of the above-mentioned categories, although in such instances it must convert the motion to dismiss to a motion for summary judgment, *see In re WorldCom, Inc. Sec. Litig.*, 382 F. Supp. 2d 549, 556 (S.D.N.Y. 2005), and ensure that the nonmoving party has sufficient notice of the conversion as well as an opportunity to respond, *see Mathie v. Dennison*, 381 F. App'x 26, 26 (2d Cir. 2010).

Under these provisions, the complaints that were issued by the plaintiff, all of which took the form of e-mails, are included with the Motion to Dismiss, annexed to the ***Cohen Affidavit*** and ***Fazzio Affirmation*** for the court's consideration.

### III. PLAINTIFF HAS FAILED TO PLEAD A RETALIATION CLAIM UNDER THE NEW YORK LABOR LAW (PLAINTIFF'S THIRD CAUSE OF ACTION) AND

**THEREFORE THESE CLAIMS MUST BE DISMISSED UNDER FED. R. CIV. PRO. 12(B)(6).**

The anti-retaliation provision of the NYLL, provides, in relevant part:

> "(1)(a) No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee
> (i) because such employee has made a complaint to his or her employer. . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner, [or]
> (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner . . . .
> An employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section."

NYLL § 215(1)(a).

To state a retaliation claim under New York Labor Law ("NYLL") § 215, "a plaintiff must adequately plead that while employed by the defendant, he or she made a complaint about the employer's violation of New York Labor Law and was terminated or otherwise penalized, discriminated against, or subjected to an adverse employment action as a result." *Higueros v. New York State Catholic Health Plan, Inc.*, 526 F Supp 2d 342, 347 (EDNY 2007); see *Castagna v. Luceno*, 2011 WL 1584593, *12, 2011 US Dist LEXIS 45567, *41 (SDNY 2011); *Ting Yao Lin v. Hayashi Ya II*, Inc.., 2009 WL 289653, *7, 2009 US Dist LEXIS 12963, *24 (SDNY 2009), adopted by 2009 WL 513371, 2009 US Dist LEXIS 15513 (SDNY 2009). Further, "a plaintiff must allege that he or she **complained about a specific violation of the Labor Law** to support a claim of retaliatory discharge pursuant to Labor Law § 215." *Epifani v Johnson*, 65 AD3d 224,

4

235-6 (2d Dept 2009); see *Castagna*, *supra*, 2011 WL 1584593, at *12, 2011 US Dist LEXIS 45567, at *41.

Thus, to establish a claim under Section 215(1)(a), a plaintiff "must show that she complained to [her employer] about its violations of the Labor Law and that she was terminated because of her complaints." *Jacques v. DiMarzio, Inc.*, 200 F. Supp. 2d 151, 162 (E.D.N.Y. 2002). "In addition, New York's anti-retaliation provision requires a nexus between the employee's complaint and the employer's retaliatory action." *Higueros v. New York State Catholic Health Plan*, 526 F. Supp. 2d 342, 347 (E.D.N.Y. 2007) (citations omitted).

"Unlike its federal analogue, the NYLL's anti-retaliation provision unquestionably protects informal complaints made to an employer." *Duarte v. Tri-State Physical Med. & Rehab., P.C.*, No. 11 Civ. 3765 (NRB), 2012 U.S. Dist. LEXIS 96249, at *10 (S.D.N.Y. July 10, 2012) (citations omitted). The state statute, however, provides that plaintiffs who bring any lawsuit under the anti-retaliation provision must first serve notice of the suit upon the State Attorney General. *See* NYLL § 215(2)(b).

Plaintiff's Complaint states in conclusory fashion that "on January 30, Plaintiff **raised concerns** that she had with the Company's failure to pay her in accordance with the agreed-upon terms of her employment agreement and failure to issue her pay stubs." Complaint ¶¶ 20-25. (emphasis added).  The Complaint goes on to state that, "Plaintiff's complaints related to the Company's failure to pay her in accordance with the agreed-upon terms of her employment agreement and failure to issue pay stubs **constituted protected activity under the NYLL**." *Id.* (emphasis added).  Finally, the Complaint alleges that Defendants terminated Plaintiff's

5

employment on February 5, 2018 for engaging in "protected activity" by **raising complaints about her pay** and not for legitimate, non-retaliatory reasons. *Id.* (emphasis added).

These "questions and concerns" and generalized grievances were raised to a supervisor, Ms. Cohen, and did not reference a violation of "state law" or point to a specific violation that would fall under any particular provision of the New York Labor Law, the alleged complaints were not made to any state body, and no legal action was contemplated or threatened. The simple fact of the matter is, the nature of the complaints or the "questions and concerns" themselves, viewed in the light most favorable to the plaintiff, and taking all of the allegations in the Complaint as true, still does not make out an actionable retaliation claim under the New York Labor Law as interpreted by our courts.

In the *Robledo* case, this court refused to allow a plaintiff to amend the Complaint to add a retaliation claim based on the same type of generalized, informal "questions and concerns" as were made in the case at bar. *Robledo v. No. 9 Parfume Leasehold*, 2013 U.S. Dist. LEXIS 57383, 12 Civ. 3579 (S.D.N.Y. Apr. 9, 2013). In *Robledo*, the

> "**None of these allegations, however, provide any specificity as to the purported illegality of Defendants' payment practices**; indeed, none suggest that, by the purported "complaints," Defendants were made aware of any claimed violation of the statute, whatsoever. **At most, these allegations suggest, in vague terms, that Robledo "questioned" Defendants "about how her wages were being calculated"** (Proposed Am. Compl., at ¶ 106), and that Widmann informed management that employees had "questions and concerns" about the same topic (id., at ¶ 105). **Asking how wages are being calculated, or informing management of "questions and concerns," is not the same thing as complaining of a particular, perceived violation of law.**
> **As pleaded, these allegations are thus insufficient.** See Epifani v. Johnson, 65 A.D.3d 224, 882 N.Y.S.2d 234, 244 (2d Dep't 2009) (HN11 "[A] plaintiff must allege that . . . she complained about a specific violation of the Labor Law to support a claim of retaliatory discharge pursuant to Labor Law § 215." (citations omitted)); see also id. (As "it is not clear that these complaints pertained to any section of the Labor Law . . . plaintiffs' [sic] claim cannot support her recovery pursuant to Labor Law § 215."); see also Nicholls v. Brookdale Univ. Hosp. Med. Ctr., No. 03-CV-6233 (JBW), 2004 U.S. Dist. LEXIS 12816, at *13 (E.D.N.Y. July 9, 2004) [*31] **("[P]laintiff has not pleaded with a level of specificity sufficient to support a cause of action. The court cannot determine what**

6

> **alleged violation of New York's Labor Law triggered plaintiff's claim under section 215.**"); cf. Higueros, 526 F. Supp. 2d at 348 ("[H]ere the plaintiff's complaint contains more than bare allegations of violations of 'state law' or even 'Labor Law' and instead lists the specific sections of the New York Labor Law that she claims the defendant violated by failing to pay overtime wages . . . . Thus, the plaintiff's complaint in this action is sufficient with respect to the sections of New York's Labor Law that triggered her complaint to management and her subsequent claim under Section 215.").
>
> Relying on Weiss v. Kaufman, No. 103473/2010, 2010 N.Y. Misc. LEXIS 5699 (Sup. Ct. N.Y. County Nov. 22, 2010), Plaintiff contends that her proposed Section 215 claim is sufficient. (See Pl. Reply, at 4 (quoting Weiss for the proposition that an "employee need not be familiar with the specifics of the Labor Law to cite the section of the statute she relies on. All that is required is that the complaint to the employer be of a colorable violation of the law.").) In Weiss, however, the plaintiff specifically alleged that she had "complained about the fact that she was owed approximately seven (7) pay-checks in back wages and one month later, was terminated." Weiss, 2010 N.Y. Misc. LEXIS 5699, at *4. Here, neither Robledo nor Widmann even plead that they complained about any unpaid wages, and, certainly, the pleading contains no suggestion that they placed Defendants on notice of any claimed violation of law. **As noted above, merely "convey[ing] . . . questions and concerns," or inquiring as to "how . . . wages were [being] calculated" (Proposed Am. Compl., at ¶¶ 105-106), is not — even viewed generously — the equivalent of complaining of a particular violation or even more generally perceived illegality. Given the paucity of Plaintiff's pleaded allegations, her motion for leave to add retaliation claims under NYLL Section 215 is denied.**

*Robledo* at *30-32. (emphasis added).

## Lack of Nexus Between Retaliation Complaint and Adverse Employment Determination

In addition, New York's anti-retaliation provision requires a nexus between the employee's complaint and the employer's retaliatory action. *Kreinik v. Showbran Photo, Inc.,* No. 02CV1172, 2003 U.S. Dist. LEXIS 18276, at *29 (S.D.N.Y. Oct. 10, 2003), 2003 U.S. Dist. Lexis 18276, at *29 (finding that employee's allegations sufficiently plead that his labor law complaints were a motivating factor for employer's adverse action).

In *Ellis v. Harper Collins Publishers, Inc.*, No. 99 CV 12123, 2000 U.S. Dist. LEXIS 8598 (S.D.N.Y. June 21, 2000), the court gave a literal reading to Section 215 and found that in order to state a claim, the plaintiff was required to tell "her supervisors that the company was in violation of state labor law." *Id.* at *4. The Ellis court explained that "[i]n the absence of any statement by

7

the plaintiff to her supervisors that the company was violating 'state' law, the plaintiff must show that there actually was a violation of state labor law in order to assert a state law retaliation claim." *Id.* at *7.

In actuality, plaintiff's response to the February 2nd meeting did not allege non-payment or failure to produce pay stubs, or any other specific violation of a provision of the New York Labor Law as plaintiff alleges. Rather, it was a string of generalized, unspecified grievances. The entirety of that e-mail is excerpted here:

> "From: Brittany C <brittanyc@spiderbands.com>
> Date: Fri, Feb 2, 2018 at 5:53 PM
> Subject: Meeting Complaint 2/2/2018
> To: Amanda Sauer <amanda@spiderbands.com>
> Cc: Franci Cohen <franci@spiderbands.com>, Brittany Clybourn <brittanyclybourn@gmail.com>
>
> Hi Amanda,
>
> This email regarding the unscheduled meeting that was held this morning, said to be regarding the Tuesday, 1/30/2018, 6:30pm Jumpstrike class.
>
> All that was mentioned in the unscheduled meeting regarding the class in topic. Taking, the two Jumpstrike classes of Franci (unknown date and time), and structuring future classes per discussed fashion.
>
> In leu of all other things mentioned and discussed in the unscheduled meeting, I upmost feel attacked by the CEO/Founder of Spiderbands, Franci Cohen. I was told I discussed my pay grade, when I never once did such with co workers and I was told I received a certain level of compensation (untruth based upon my contract), and my pay rate was disclosed to a fellow co worker, which now makes me feel uncomfortable in my place of work. My CEO/Founder unprofessionally walked out of our unscheduled meeting and stated that the matter at hand was no longer being dealt with (my contract).
>
> There have been multiple occasions where I have been mislead and taken advantage of under the employment of Spiderbands. (3) Late payroll payments, which has caused my livelihood to be negatively effected, completing tasks outside of my job description (Turning over and Setting up for Franci's class, with the cleaning crew) which makes me feel as though I'm working like a slave. Multiple occasions of my contract being breached, emotional stress at the workplace, and loss of modeling jobs through my agency Wilhelmina models due to the restrictions

8

Case 1:18-cv-03688-ER   Document 19   Filed 06/04/18   Page 12 of 16

> of CEO/Founder of Spiderbands, Franci Cohen. It was also made clear to me that I was being delivered a "warning" for not conforming to "class structure", when it was brought to my attention that a co worker deviates far away from "class structure" and no "warning" has been given on behalf of this fact. This also makes me feel harassed.
>
> Every meeting scheduled/unscheduled that has been had with CEO/Founder of Spiderbands, Franci Cohen present, my pay grade has been disclosed, with the mentioning of Co Workers pay rate. This has made me feel uncomfortable, and ultimately harassed at the workplace. I had a break down today due to being attacked by CEO/Founder, Franci Cohen during our meeting today. Outing my pay rate to a co worker, verbally falsifying my pay rate (including incentives), and attempting to demean my character in stating that I have given knowledge of my pay scale to my co workers, which I have never done.
>
> In conclusion, I am stating my emotional distress, uncomfortability at the workplace, unprofessionalism towards me from my CEO/Founder Franci Cohen, harassment, and attempt to demean my character. I have witnesses to attest to all of the above and will speak on my behalf if needed.
>
> Thank you,
> Brittany Clybourn"

*Cohen Affidavit* ¶ **11** and *Fazzio Affirmation* ¶ **4**.

Since plaintiffs' complaint does not allege that the plaintiffs' employment was terminated subsequent to filing a formal complaint for a violation of the state labor law, plaintiffs have not stated a retaliation claim under Section 215(a)(3). *Id.* At best, Brittany Clybourn's allegations in the Complaint, as supplemented by the documents the Complaint specifically relies upon (her complaint e-mails – since she never returned to work after being reprimanded) only state that she has "questions and concerns" whether she was properly paid because she claims she doesn't have access to her paystubs – it does not allege she was not paid, and the Complaint admits she was paid. Thus, no retaliation claim has been alleged within the four-corners of the Complaint.

The simple fact of the matter is that plaintiff Brittany Clybourn was insubordinate and failed to report to work subsequent to a reprimand for teaching a "boxing class" without using boxing techniques, which caused the Company to have to issue refunds and placate embittered

9

attendees who didn't get what they paid for. *See **Cohen Aff.**, passim.* Despite direction and guidance at all relevant times from Franci Cohen, plaintiff Brittany Clybourne was insubordinate and failed to do her job almost since she first became employed by Spiderbands. *See **Cohen Aff.**, passim.* Plaintiff's rambling e-mail brings up a number of generalized grievances but does not allege she was not paid or did not receive paystubs, or otherwise clearly make out a "complaint" of a violation of state law for purposes of the NYLL. Far from being fired in retaliation for enforcing her rights through a formal complaint or testimony, Ms. Clybourn was fired because she was insubordinate and failed to report to work and was not following the instructions of her Supervisor or satisfying class attendees for her classes—which was her job. *Id.*

While some New York state cases have taken a broader view of what constitutes a retaliation claim under the NYLL, federal courts in New York interpreting NYLL § 215 have consistently taken a dim view of unspecified and generalized complaints:

> "It is well settled in this Circuit that the FLSA "limits the [retaliation] cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor." *Lambert v. Genesee Hospital*, 10 F.3d 46, 55 (2d Cir. 1993). See also *Aneja v. Triborough Bridge & Tunnel Auth.*, 35 Fed. Appx. 19, 2002 U.S. App. LEXIS 9786 (2d Cir. 2002); *Thomas v. S.E.A.L. Security, Inc.*, 2007 U.S. Dist. LEXIS 63841 at \*45-\*46 (S.D.N.Y. 2007); *Shah v. Wilco Sys., Inc.*, 126 F.Supp.2d 641, 651-652 (S.D.N.Y. 2000). **Furthermore, claims for retaliation under the New York Labor Law require that the employee specifically inform her supervisor that the employer's pay practices violate particular provisions of the New York Labor Law.** See *Nicholls v. The Brookdale Univ. Hospital Med. Ctr.*, 2004 U.S. Dist. LEXIS 12816 (E.D.N.Y. 2004); *Ellis v. HarperCollins Pub., Inc.*, 2000 U.S. Dist. LEXIS 8598 (S.D.N.Y. 2000). **Because there is no evidence that any of the plaintiffs ever filed a formal complaint for violations of the FLSA, or complained that Carrols was violating specific provisions of the New York Labor Law, plaintiffs' retaliation claims fail as a matter of law, and must be dismissed.**"

*Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 166 (WDNY 2007)(emphasis added).

### IV. PLAINTIFF HAS FAILED TO PLEAD A VIOLATION OF ANY OF THE PROVISIONS OF THE NEW YORK LABOR LAW (PLAINTIFF'S FIRST,

10

**SECOND, FOURTH & FIFTH CAUSES OF ACTION) AND THEREFORE THESE CLAIMS MUST BE DISMISSED UNDER FED. R. CIV. PRO. 12(B)(6).**

Plaintiff's first cause of action (breach of contract) and second cause of action (failure to pay wages) are duplicative as they plead the same violation. Plaintiff's fourth cause of action (failure to issue pay notices) and fifth cause of action (failure to furnish wage statements) are likewise duplicative. Simply stated, the claims are that plaintiff wasn't paid all that she was owed and that she wasn't given paystubs.

The Court can take judicial notice of the fact that any employee receiving payroll through a payroll service can simply call the payroll service to receive their paystubs. Plaintiff's fourth cause of action under Sec. 195(1) of the New York Labor Law requires providing rates of pay at the time of hiring, which was plainly done by issuance of the Offer of Employment letter, and thus a violation of this provision has not been plead. ***Cohen Affidavit*** ¶ **11.** Moreover, the claim for failure to issue pay notices fails, since plaintiff received them with her paystubs issued through a payroll service. Sec. 195(3) of the New York Labor Law requires that employers provide each employee with a written statement with each payment of wages that includes the employee's rate of pay, deductions, allowances, hours of employment, and overtime pay. In Docket No. 13, Ex. 1, plaintiff claims to have not received proper pay or paystubs, but there is no evidence to support this other than a conclusory allegation supported by hearsay.

At best, plaintiff's complaints that she was required to completed tasks "outside of my job description (Turning over and Setting up for Franci's class with the cleaning crew)" which made her feel like "a slave" and that she "had a break down today" because she felt that her Supervisor was trying to "demean her character"—is a weak and flailing attempt to justify her insubordinate behavior—and a rebuff for having to "chip in" on some basic preparatory tasks related to her scheduled job duties, which all employees at the Company would do from time to time, and as was

11

specifically required of employees in the plaintiff's employment agreement. ***Cohen Affidavit ¶¶ 3-11*** and **Ex. B, thereto**. Whatever amounts of time were involved in completing these tasks, they were minimal, and occurred on only a few occasions and were contemplated by her employment agreement. Plaintiff has not made out a claim that she was not compensated for ancillary duties related to her role as an instructor or claimed as much.

In order to establish a hypothetical claim that a plaintiff was not properly compensated for work performed off-the-clock, a plaintiff must demonstrate that they completed work for which the Company did not properly compensate her, but for which they were entitled to additional compensation. *Anderson v. Mt. Clemens Pottery Company*, 328 U.S. 680, 686-687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946). Simply stating that someone did a few tasks outside of their normal duties, without any commensurate time records, or other evidence, is insufficient to make out a claim for unpaid wages or to serve as a predicate for a report of non-compliance with specific provisions of the New York Labor Law, sufficient to give rise to a retaliation claim. *Id.* Thus, plaintiff's retaliation claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons defendants' Motion to Dismiss should be granted dismissing the Complaint in its entirety, with prejudice, for lack of subject matter jurisdiction, and dismissing plaintiff's retaliation claims with prejudice for failing to state a claim on which relief may be granted and awarding all attorney's fees and costs of suit to defendants, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       June 4, 2018

Respectfully submitted,

FAZZIO LAW OFFICES

By: s/ John P. Fazzio

JOHN P. FAZZIO (1752)
New York Office
26 Broadway, 21st Floor
New York, NY 10004
Phone: (201) 529-8024
Fax: (201) 529-8011
E-mail: jfazzio@fazziolaw.com

*Attorneys for Defendants Spiderbands and Franci Cohen*