**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRITTANY CLYBOURN

               Plaintiff,

     v.

SPIDERBANDS LLC and FRANCI COHEN

               Defendants.

Docket No.  18 Civ. 3688 (ER)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

FILOSA GRAFF LLP
Gregory N. Filosa
111 John Street, Suite 2510
New York, NY  10038
Tel:  (212) 256-1780
Fax: (212) 256-1781
gfilosa@filosagraff.com

*Attorneys for Plaintiff*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS.................................................................................... 1

LEGAL ARGUMENT ......................................................................................... 2

   I.  MOTION TO DISMISS STANDARD ................................................... 4

  II.  DEFENDANTS' RELIANCE ON MATERIALS OUTSIDE THE COMPLAINT . 5

 III.  THE COMPLAINT ALLEGES THAT PLAINTIFF COMPLIED WITH LABOR
      LAW 215(2)(B) ......................................................................... 6

 IV.  PLAINTIFF HAS STATED A LABOR LAW RETALIATION CLAIM................ 6

      A.    Plaintiff Engaged in Protected Activity Under the Labor Law ................. 7

      B.    Plaintiff has Alleged Facts Sufficient to Establish a Causal Connection
            between her Protected Activity and Defendants' Termination of her
            Employment ............................................................................ 12

  V.  PLAINTIFF'S LABOR LAW CLAIM AND BREACH OF CONTRACT CLAIM
      ARE NOT DUPLICATIVE................................................................ 13

 VI.  THE COURT SHOULD NOT DISMISS PLAINTIFF'S CLAIMS UNDER
      LABOR LAW § 195(1) AND § 195(3) ............................................... 14

      A.    Plaintiff's Labor Law Claims are not Duplicative.................................. 14

      B.    The Court Should not Dismiss Plaintiff's Labor Law § 195(1) Claim..... 14

      C.    The Court Should not Dismiss Plaintiff's Labor Law § 195(3) Claim..... 15

VII.  PLAINTIFF DOES NOT ALLEGE AN OFF-THE-CLOCK WORK CLAIM...... 16

CONCLUSION ................................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Anderson News, L.L.C. v. Am. Media, Inc.*
680 F.3d 162 (2d Cir. 2012).................................................................................4, 5

*Almanzar v. Townhouse Mgmt. Co., Inc.*
2015 NY Slip Op 32401(U), ¶ 6, 2015 N.Y. Misc. LEXIS 4625 (Sup. Ct. NY County
Nov. 13, 2015)....................................................................................................... 9

*Antolino v. Distribution Mgmt. Consolidators Worldwide, LLC*
2013 NY Slip Op 31815(U), 2013 N.Y. Misc. 3468 (Sup. Ct. NY County
Aug. 2, 2013)......................................................................................................... 10

*Ashcroft v. Iqbal*
129 S. Ct. 1937 (2009)......................................................................................... 4

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007).............................................................................................4, 5

*Biro v. Conde Nast*
963 F. Supp. 2d 255 (S.D.N.Y. 2013)................................................................... 16

*Brown v. Castleton State Coll.*
663 F. Supp. 2d 392 (D. Vt. 2009) ...................................................................... 4

*Chance v. Armstrong*
143 F.3d 698 (2d Cir. 1998)................................................................................. 4

*Duarte v. Tri-State Physical Med. & Rehab.*, P.C.
No. 11 Civ. 3765 (NRB), 2012 U.S. Dist. LEXIS 96249 (S.D.N.Y. July 10, 2012) ........ 8

*Ellis v. Harper Collins Publishers, Inc.*
No. 99 Civ. 12123, 2000 U.S. Dist. LEXIS 8598 (S.D.N.Y. June 21, 2000) ................. 11

*Epifani v. Johnson*
65 A.D.3d 224 (2d Dept 2009)..............................................................................10, 11

*G.I. Home Dev. Corp. v. Weis,*
No. 07 Civ. 4115, 2009 U.S. Dist. LEXIS 29345 (E.D.N.Y. Mar. 31, 2009)................... 4

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*
763 F. Supp. 2d 423(S.D.N.Y. 2011)) .................................................................. 15-16

*Ji v. Belle Work Beauty, Inc.*
2010 NY Slip Op. 32166(U) (N.Y. Cty 2010) ............................................................ 11

*Koch v. Christie's Int'l PLC*
699 F.3d 141 (2d Cir. 2012) ........................................................................ 5

*Littlejohn v City of N.Y.*
795 F.3d 297 (2d Cir 2015) ........................................................................ 12

*Mejia v. T.N. 888 Eighth Ave. LLC Co.*
2017 NY Slip Op 31701(U) (Sup. Ct, NY County 2007) ................................ 6

*Noriko Ozawa v. Orsini Design Assocs.*
No. 13 Civ. 1282 (JPO), 2015 U.S. Dist. LEXIS 29933 (S.D.N.Y. Mar. 11, 2015) .......... 6

*Novie v Vil. of Montebello*
No. 10 Civ. 9436 (CS), 2012 US Dist LEXIS 115948 (S.D.N.Y. Aug. 16, 2012) .......... 13

*Old Republic Ins. Co. v Hansa World Cargo Serv., Inc.*
170 F.R.D. 361 (S.D.N.Y. 1997) ................................................................. 13

*Robledo v. No. 9 Parfume Leasehold*
No. 12 Civ. 3579 (ALC) (DF), 2013 U.S. Dist. LEXIS 57383 (Apr. 9, 2013) ............. 8, 10

*Roelcke v. Zip Aviation, LLC*
No. 15 Civ. 6284 (DAB), 2018 U.S. Dist. LEXIS 51452 (S.D.N.Y. Mar. 26, 2018) . 13-14

*Silverio v. United Block Ass'n*
No. 13 Civ. 5001 (AJN), 2015 U.S. Dist. LEXIS 5551 (S.D.N.Y. Jan. 14, 2015) ........... 6

*Transcience Corp. v. Big Time Toys, LLC*
50 F. Supp. 3d 441 (S.D.N.Y. 2014) ........................................................... 5

*Weiss v. Kaufman*
 2010 NY Slip Op 33261(U), ¶ 5, 2010 N.Y. Misc. LEXIS 5699 (Sup. Ct. NY County,
Nov. 22, 2010) ........................................................................................ 8

*Yang v. Navigators Grp., Inc.*
674 Fed. Appx. 13, 15 (2d Cir. 2016) ......................................................... 12

**STATUTES**

29 U.S.C. § 185 ...................................................................................   11

29 U.S.C. § 215(a)(3) ..........................................................................   11

Fed. R. Civ. P. 12 ................................................................................    4

Fed. R. Evid. ......................................................................................   16

N.Y. Labor Law § 215 ...................................................................   6, 7, 8

N.Y. Labor Law § 195 ..................................................................  14, 15, 16

Plaintiff Brittany Clybourn ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' Motion to Dismiss the Complaint. For the reasons set forth below, Plaintiff respectfully requests that the Court deny Defendants' motion.

## PRELIMINARY STATEMENT

Defendants' motion should be denied because Defendants cannot meet the standard necessary for dismissal of Plaintiff's Complaint at this early stage in the proceeding. Defendants attempt to recast Plaintiff's protected complaints of Defendants' violation of the New York Labor Law ("Labor Law") as mere "questions" or "concerns" that do not rise to the level of protected activity, but the documents in the record before this Court – namely, Plaintiff's Complaint and the documents incorporated therein by reference – establish that Plaintiff complained about Defendants' practices that violated specific provisions of the Labor Law. Similarly, because Defendants terminated Plaintiff's employment the day after her final complaint, the Court should summarily reject Defendants' argument that Plaintiff has failed to allege a nexus between her protected activity and termination. Defendants' additional arguments are equally devoid of merit and Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

## STATEMENT OF FACTS[1]

Defendant Spiderbands LLC ("Spiderbands" or the "Company") is a fitness studio located in New York City. (*See* Complaint, ¶ 9.) Defendant Franci Cohen is the Founder and Chief Executive Office of Spiderbands. (*Id.* at ¶ 5.) In September 2017, Defendants hired Plaintiff as a Founding Instructor with the Company. (*Id.* at ¶ 10.) In this position, Plaintiff was

---

[1]     The facts outlined in the Statement of Facts are based on the facts alleged in the Complaint (*see* Docket Doc. # 1), as well as those other documents referenced therein that are discussed below.

responsible for teaching classes at the Company's fitness studio, located at 12 East 14th Street, New York, NY 10003, as well as developing class content, creating programs and guidebooks, assisting with special events, and marketing the Company through various traditional and social media channels. (*Id.* at ¶ 11; Confirmation of an Offer of Employment ("Offer Letter"), attached to Certification of Defendant Franci Cohen in Support of Defendants' Motion to Dismiss ("Cohen Certification") as Exhibit A.)[2]

Under the terms of Plaintiff's Offer Letter, the Company was to pay Plaintiff $200 per class, plus either 7% of the revenue from class attendees over 15 or, if the class was sold out, $93. (*See* Complaint, ¶ 12; Offer Letter (Cohen Certification Ex. A).) During the course of Plaintiff's employment, the Company issued pay stubs to employees through an online payroll service, however, Plaintiff did not actually receive copies of her paystubs because she was not able to access the online payroll service. (*Id.* at ¶¶ 13-14.) Plaintiff reported to her supervisors that she was unable to access her paystubs, but the Company failed to take action to ensure that Plaintiff actually received her paystubs. (*Id.* at ¶ 14.)

According to Plaintiff's records, Plaintiff taught or was scheduled to teach approximately 148 classes during the course of her employment with the Company and should have been paid $29,600 for teaching these classes, yet she only received $14,628.88 in compensation, after payroll taxes and other deductions. (*See* Complaint, ¶¶ 16-18.)

On February 2, 2018, Plaintiff met with Defendant Cohen and Amanda Sauer, the Company's Director of Operations, to discuss a fitness class that Plaintiff had taught. (*See* Complaint, ¶¶ 20-21.) During the course of this meeting, Plaintiff raised concerns that she had

---

[2]     Plaintiff does not dispute that Offer Letter attached to the Cohen Certification as Exhibit A (*see* Docket Doc. # 20-1), is a true and correct copy of the employment agreement referenced by Plaintiff in the Complaint. Plaintiff has no objection to the Court considering the Offer Letter as having been incorporated by reference to the Complaint.

with the Company's failure to pay her in accordance with her employment agreement. (*Id.* at ¶ 21.) Following this meeting, Plaintiff reiterated her concerns in two separate emails: the first was sent on February 2, 2018[3] and the second was sent on February 4, 2018. (*Id.* at ¶ 22.) In the February 4, 2018 email correspondence,[4] Plaintiff specifically complained about Defendants' failure to pay her properly and failure to issue her pay stubs:

> I have all documents needed to protect myself in reference to me, as a whole, not solely regarding this one incident. . . .  I have not one single pay stub in my possession, and my first few bank statements show what I should be paid based upon my contract. Since I have not received my proper pay or pay stubs, again I have bank statements to prove this fact. Again, my pay rate has been verbally stated to my Co Worker, as well as my fellow co workers pay rate has been verbally stated to me by my CEO/ Founder, Franci Cohen. This is against the law and makes me feel very uncomfortable. There is no system of "check-in" to hold instructors accountable for hours, days, times. I have shown up for my classes hours in advance, I am contacted last minute about meetings and my set days off have been infringed upon, without prior discussion to confirm. This has caused me to have to call out from other work and job opportunities needed to supplement pay, that my primary job (Spiderbands) has not paid me as expected per my contract.

(*See* Declaration of Gregory Filosa ("Filosa Declaration"), Exhibit 1.)

The day after Plaintiff sent the second email, Defendants terminated Plaintiff's employment with the Company without providing any reason other than to say that "we will be unable to utilize your services after February 16, 2018."

---

[3]  Plaintiff's first email was attached to the Cohen Certification as Exhibit B and Plaintiff confirms that this is a true and correct copy of Plaintiff's February 2, 2018 email to Ms. Cohen and Ms. Sauer. Plaintiff does not object to the Court's consideration of this correspondence as having been incorporated by reference.

[4]  Plaintiff's February 4, 2018 was not only sent to Defendant Cohen and Ms. Sauer but also Defendants' counsel, John Fazzio, because Defendant Sauer added him to the email chain and identified him as the Company's "CFO and business consultant."

## LEGAL ARGUMENT

### I.   MOTION TO DISMISS STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The test, in short, is whether the specific factual allegations in the complaint are sufficient "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. This does not mean that a complaint has to allege detailed facts to support every element of a cause of action, as long as there is "more than naked assertion" to support a claim. *Brown v. Castleton State Coll.*, 663 F. Supp. 2d 392, 396 (D. Vt. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557).

"In determining whether a complaint states a claim that is plausible, the court is required to proceed 'on the *assumption that all the [factual] allegations in the complaint are true.*'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (emphasis in original) (quoting *Twombly*, 550 U.S. at 555)). "Rule 12(b)(6) does not countenance dismissals based on a court's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556. Therefore, "[t]he test is whether the plaintiff is entitled to offer evidence to support his claim, not whether he is ultimately likely to prevail." *G.I. Home Dev. Corp. v. Weis*, No. 07 Civ. 4115, 2009 U.S. Dist. LEXIS 29345, at *7 (E.D.N.Y. Mar. 31, 2009) (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998)). "Given that the plausibility requirement 'does not impose a probability requirement at the pleading stage,' the *Twombly* Court noted that 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is

improbable, and that a recovery is very remote and unlikely.'" *Anderson News,* 680 F.3d at 185 (quoting *Twombly*, 550 U.S. at 556)).

Finally, it is black letter law that, "[w]hen ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 448 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

## II.   DEFENDANTS' RELIANCE ON MATERIALS OUTSIDE THE COMPLAINT

As noted above, Plaintiff has no objection to the Court treating the Offer Letter (*see* Cohen Certification, Ex. A), Plaintiff's February 2, 2018 email correspondence (*see* Cohen Certification, Ex. B), and February 4, 2018 email correspondence (*see* Filosa Declaration, Ex. 1), as incorporated by referenced into the Complaint. However, Plaintiff objects to the Court's consideration of any other materials submitted by Defendants. Specifically, Defendants have also submitted documents that they describe as "a schedule of classes taught" as Exhibit A to the Certification of Counsel John P. Fazzio, Esq. in Support of Defendants' Motion to Dismiss ("Fazzio Certification"), as well as various factual assertions in the Cohen Certification. Because these documents are either not referenced in the Complaint or refer to facts not alleged in the Complaint, they fall squarely outside the four corners of the Complaint and the Court should not consider these documents for purposes of Defendants' motion to dismiss.[5]

---

[5]   Because Defendants' memorandum does not refer to the "schedule of classes taught" attached to the Fazzio Certification as Exhibit A, it is not clear whether Defendants are asking the Court to consider this schedule for purposes of the instant motion or whether Defendants simply re-filed the same certification originally submitted to the Court on May 18, 2018.

### III.   THE COMPLAINT ALLEGES THAT PLAINTIFF COMPLIED WITH LABOR LAW § 215(2)(B)

Labor Law § 215(2)(b) provides that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee." Defendants mention this requirement in their memorandum (*see* Defs' Memo at 5), but it is not clear if Defendants are arguing that Plaintiff failed to comply with this requirement. To the extent that Defendants are making such an argument, the Court should reject Defendants' argument in light of Plaintiff's allegation that she did comply with this requirement. (*See* Complaint, ¶ 8.)

### IV.   PLAINTIFF HAS STATED A LABOR LAW RETALIATION CLAIM

The well-pled allegations in the Complaint, coupled with the documents incorporated therein by reference, clearly establish that Plaintiff has alleged a retaliation claim under the Labor Law. In order to state a claim for retaliation under Labor Law § 215, Plaintiff's Complaint must allege that (1) Plaintiff participated in protected activity known to Defendants, (2) Plaintiff suffered an adverse employment action, and (3) there is causal connection between the protected activity and the adverse employment action. *See Noriko Ozawa v. Orsini Design Assocs.*, No. 13 Civ. 1282 (JPO), 2015 U.S. Dist. LEXIS 29933, at *24 (S.D.N.Y. Mar. 11, 2015); *Silverio v. United Block Ass'n*, No. 13 Civ. 5001 (AJN), 2015 U.S. Dist. LEXIS 5551, at *10-11 (S.D.N.Y. Jan. 14, 2015); *Mejia v. T.N. 888 Eighth Ave. LLC Co.*, 2017 NY Slip Op 31701(U), *26 (Sup. Ct, NY County 2007).

In their motion, Defendants challenge whether Plaintiff has pled facts sufficient to allege that Plaintiff engaged in protected activity and whether there is a causal connection between the protected activity and the adverse employment action. Defendants' motion, however, fails for the following reasons:

1. Defendant focuses on one of the instances where Plaintiff alleges that she engaged in protected activity – Plaintiff's February 2, 2018 email – and ignores Plaintiff's other instances of engaging in protected activity – the February 2, 2018 meeting with Defendant Cohen and Ms. Sauer and Plaintiff's February 4, 2018 email. (*See* Complaint ¶¶ 20-23; Filosa Declaration, Ex. 1.)[6]

2. The allegations in the Complaint and the documents incorporated therein by reference establish that Plaintiff complained to Defendant Cohen and Ms. Sauer about Defendants' failure to pay her properly – which would be a violation of Labor Law § 191(1)(d) – and failure to issue her pay stubs – which would be a violation of Labor Law § 195(3). (*See* Complaint, ¶¶ 20-23; Cohen Certification, Ex. B; Filosa Declaration, Ex. 1.)

3. Defendants' attempts to recast Plaintiff's complaints as mere "questions" or "concerns" not only fail in light of the record before the Court, but in order to accept this argument, the Court would have to view these allegations in the light most favorable to Defendants and not Plaintiff, the exact opposite of what the Court is required to do on a motion to dismiss.

4. The temporal proximity of one day between Plaintiff's final complaint and Defendants' termination of Plaintiff's employment is very strong and is more than sufficient to establish the causal connection necessary to state a claim that is plausible on its face.

In light of the foregoing, and as discussed more fully below, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss Plaintiff's Labor Law § 215 claim.

A. **Plaintiff Engaged in Protected Activity Under the Labor Law**

There can be no credible dispute that Plaintiff engaged in protected activity under the NYLL, especially when viewing the allegations in the Complaint and the documents incorporated therein by reference in the light most favorable to Plaintiff. Labor Law § 215(1)(a) explicitly protects employees who have "made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision" of the Labor Law. N.Y. LABOR LAW § 215(1)(a)(i). Additionally, an

---

[6]    The fact Defendants continue to advance this argument without reference to Plaintiff's February 4, 2018 email – which there is no doubt that Mr. Fazzio is aware of, both because Plaintiff copied him on the email and because the undersigned attached it to Plaintiff's May 18, 2018 pre-motion letter (*see* Docket Doc. # 13-1) – is troubling and shows the extent to which Defendants will go to mislead the Court in an effort to dismiss Plaintiff's Complaint.

employee does not need to "make explicit reference to any section or provision of this chapter to trigger the protections of [Labor Law § 215]." N.Y. Labor Law § 215(1)(a). Instead, "[a]ll that is required is that the complaint to the employer be a colorable violation of the statute." *See Weiss v. Kaufman*, 2010 NY Slip Op 33261(U), ¶ 5, 2010 N.Y. Misc. LEXIS 5699, *4 (Sup. Ct. NY County, Nov. 22, 2010).

Defendants argue that Plaintiff has failed to engage in protected activity under the Labor Law because (1) she merely raised "questions and concerns" and "generalized grievances" that do "not reference a violation of 'state law' or point to a specific violation that would fall under any particular provision of the New York Labor Law, and (2) the alleged complaints were not made to any state body, and no legal action was contemplated or threatened." (*See* Defs' Mem. at 6.)[7] [8] These argument fails because they ignore both the well-pled allegations in the Complaint and Plaintiff's February 4, 2018 email complaint to Defendant Cohen, Ms. Sauer, and Mr. Fazzio.

---

[7]    It is not clear whether Defendants actually argue that Plaintiff must have made an explicit reference to any section or provision of the Labor Law in order to have engaged in protected activity. But to the extent that Defendants do, the Labor Law specifically provides that a plaintiff is not required to do so. *See* Labor Law § 215(a) ("An employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section.").

[8]    To the extent that Defendants argue that Labor Law § 215(a) requires Plaintiff to make an external complaint to a "state body," this argument is directly contradicted by an earlier section of Defendants' memorandum. Defs' Memo at 5 ("'Unlike its federal analogue, the NYLL's anti-retaliation provision unquestionably protects informal complaints made to an employer.'" (citing *Duarte v. Tri-State Physical Med. & Rehab.*, P.C., No. 11 Civ. 3765 (NRB), 2012 U.S. Dist. LEXIS 96249, *10 (S.D.N.Y. July 10, 2012)). But the fact that this section of Defendants' memorandum is copied directly – without citation – from *Robledo v. No. 9 Parfume Leasehold*, No. 12 Civ. 3579 (ALC) (DF), 2013 U.S. Dist. LEXIS 57383, *24-25 (Apr. 9, 2013), raises some doubt as to whether Defendants intended to acknowledge that the Labor Law protects informal complaints made to an employer.

The Complaint includes the following allegations that, when accepted as true, clearly establish that Plaintiff alleges that she engaged in protected activity:

- Plaintiff met with Defendant Cohen and Ms. Sauer on February 2, 2018 and raised concerns that the Company had failed to pay her in accordance with the agreed-upon terms of her employment agreement and failure to issue her pay stubs. (*See* Complaint, ¶ 22.)

- Plaintiff reiterated her concerns in an email to Defendant Cohen and Ms. Sauer on February 2, 2018. (*See* Complaint, ¶ 23). While Plaintiff addresses a number of topics in this email, there can be no dispute that Plaintiff mentions "[l]ate payroll payments." (*See* Cohen Certification, Ex. B.)

- On February 4, 2018, Plaintiff emailed Defendant Cohen, Ms. Sauer, and Mr. Fazzio and specifically referenced Defendants failed to issue her pay stubs ("I have not one single pay stub in my possession) and the Company's failure to pay her in accordance with her employment agreement ("Since I have not received my proper pay or pay stubs, again I have bank statements to prove this fact"). (*See* Filosa Declaration, Ex. 1.) Plaintiff also took it a step further and told Defendants that she believed that Defendants' conduct was unlawful – "[t]his is against the law and makes me feel very uncomfortable."[9]

These allegations are clearly not conclusory as Defendants argue (*see* Defs' Memo at 5); indeed, if Plaintiff has simply alleged that she had engaged in protected activity, with nothing more, that would be a conclusory allegation. But Plaintiff's allegations in the Complaint provide detail and specificity regarding the substance of her complaints. This is more than sufficient to state a claim that is plausible on its face.  *See Almanzar v. Townhouse Mgmt. Co., Inc.*, 2015 NY Slip Op 32401(U), ¶ 6, 2015 N.Y. Misc. LEXIS 4625, *8 (Sup. Ct. NY County Nov. 13, 2015) (holding that an employee's allegation that his employer "'retaliated against him by terminating his employment' after he complained about not being paid" … "adequately pleaded a cause of

---

[9]     We recognize that Plaintiff's statement that "[t]his is against the law and makes me feel very uncomfortable" could be a reference to Plaintiff's complaints about the Company's failure to issue her pay stubs and pay her properly or, alternatively, a reference to her concerns about Defendant Cohen disclosing her pay rate to Plaintiff's co-workers. However, at this point, the Court must draw all inferences in Plaintiff's favor and should, for purposes of this motion, find that Plaintiff was referring to the Company's failure to issue her pay stubs or pay her properly.

action for unlawful retaliation in violation of Labor Law § 215"); *Antolino v. Distribution Mgmt. Consolidators Worldwide, LLC.*, 2013 NY Slip Op 31815(U), *6, 2013 N.Y. Misc. 3468, *9-10 (Sup. Ct. NY County Aug. 2, 2013) (holding that an employee's complaints that the employer had withheld wages satisfied "the pleading requirement that he complain about a specific Labor Law violation")[10]

Defendants rely primarily on Magistrate Judge Freeman's decision in *Robledo v. No. 9 Parfume Leasehold* to argue that Plaintiff merely raised questions or concerns that did not rise to the level of protected activity.  However, the allegations in *Robledo* are vastly different than in the instant matter, making *Robledo* plainly distinguishable. The plaintiffs in *Robledo* argued that they were terminated in retaliation for raising questions about how their wages were calculated. *See Robledo*, 2013 U.S. Dist. LEXIS 57383 at *29. Magistrate Judge Freeman held that the plaintiff's allegations did not constitute protected activity because they did not "provide *any* specificity as to the purported illegality of [the d]efendants' payment practices" but vaguely suggested that the plaintiff had "'questioned' [d]efendants 'about how her wages being calculated.'"  (*Id.* at *29-30). Plaintiff's allegations in the Complaint go further than questioning Defendants about how the Company calculated her wages and Plaintiff explicitly accuses Defendants of acting unlawfully when they failed to issue her pay stubs and failed to pay her properly.

Defendants also cite to *Epifani v. Johnson*, 65 A.D.3d 224 (2d Dept 2009), earlier in their memorandum for the proposition that "a plaintiff must allege that he or she **complained about a specific violation of the Labor Law** to support a claim of retaliatory discharge." (*See* Defs'

---

[10]     Defendants appear to agree with the court's analysis in *Antolino* as they copied an entire paragraph in their brief directly from *Antolino* without any citation. *Compare* Defs' Memo at 4-5, *with Antolino*, 2013 NY Slip Op 31815(U) at *4, 2013 N.Y. Misc. 3468 at *9-10.

Memo at 4 (emphasis in original) (citing *Epifani*, 65 A.D.3d at 235-36).) However, any reliance on *Epifani* is misplaced for two reasons. First, *Epifani* held that an employee's complaints about her employer's failure to pay overtime compensation to a co-worker did not refer to a specific violation of the Labor Law because (at that time at least) the Labor Law did not "contain any provisions governing overtime compensation." *Epifani*, 65 A.D.3d at 236. In this case, Plaintiff's complaints about Defendants' failure to pay her properly and issue her pay stubs would, if true, be a violation of Labor Law § 191(1)(d) and § 195(3), respectively. Thus, *Epifani* is easily distinguishable. Second, *Epifani* has been recognized as having "mistakenly construe[d] a prior Appellate Division, Second Department case." *See Ji v. Belle Work Beauty, Inc.*, 2010 NY Slip Op. 32166(U), *15-16 (N.Y. Cty 2010). Thus, the Court should not rely on *Epifani*.

Defendants' reliance on Judge Cote's decision in *Ellis v. Harper Collins Publishers, Inc.*, No. 99 Civ. 12123, 2000 U.S. Dist. LEXIS 8598 (S.D.N.Y. June 21, 2000), is also misplaced as there are material facts that distinguish that case from the present case. In *Ellis*, Judge Cote dismissed the plaintiff's Labor Law retaliation claim because the claim was based on a failure to pay union employees in accordance with a collective bargaining agreement. *Id.* at *5-7. Judge Cote found that the plaintiff could not pursue a Labor Law retaliation claim because Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, pre-empted the Labor Law and, thus, the plaintiff could not have been complaining about any violation of the Labor Law. *Id.* Here, there is no dispute that the Labor Law applies to Plaintiff's employment with Defendants.[11]

---

[11]     It is not clear whether Defendants' misunderstanding of *Ellis* is the basis for Defendants' statement later in their memorandum that "[s]ince plaintiffs' [sic] complaint does not allege that the plaintiffs' [sic] employment was terminated subsequent to filing a formal complaint for a violation of the state labor law, plaintiffs have not stated a retaliation claim under Section 215(a)(3)" (*see* Defs' Memo at 9). In any event, this statement is wrong for a number of reasons. First, the reference to "Section 215(a)(3)" appears to be a reference to 29 U.S.C. § 215(a)(3) because there is no section (a)(3) to Labor Law § 215. Second, as noted above, Defendants already acknowledged that a formal complaint is not necessary to engage in protected activity

In light of the foregoing, the Court should interpret the well-pled allegations in the Complaint and the documents referenced therein establish that Plaintiff has alleged facts that support a plausible claim that she engaged in protected activity under the Labor Law.

**B.    Plaintiff has Alleged Facts Sufficient to Establish a Causal Connection between her Protected Activity and Defendants' Termination of her Employment**

Plaintiff has established the causal connection necessary to state a plausible claim through the strong temporal proximity between Plaintiff's protected activity and Defendants' termination of Plaintiff's employment. There is no dispute that Defendants terminated Plaintiff's employment on February 5, 2018, the day after Plaintiff's final email complaint to Defendants. (*See* Complaint, ¶¶ 22-24.) Courts have repeatedly held that temporal proximity greater than this was sufficient to establish a prima facie claim of retaliation. *See Yang v. Navigators Grp., Inc.*, 674 Fed. Appx. 13, 15 (2d Cir. 2016) (two weeks "between protected activity and unfavorable personnel action can support a *prima facie* inference that the protected activity was a contributing factor to the termination"); *Littlejohn v City of N.Y.*, 795 F.3d 297, 319-320 (2d Cir 2015) ("allegations that the demotion occurred within days after [the plaintiff's] complaints of discrimination are sufficient to plausibly support an indirect inference of causation … sufficient to withstand the instant motion to dismiss"). Thus, Plaintiff's Complaint alleges facts sufficient to establish the causal connection necessary to state a claim that is plausible on its face.

In a failed attempt to overcome this obvious deficiency in Defendants' motion, Defendants resort to relying on facts outside the record before this Court. Specifically, Defendants argue:

> The simple fact of the matter is that plaintiff Brittany Clybourn was insubordinate and failed to report to work subsequent to reprimand for teaching a "boxing class" without

---

under the Labor Law. (*See* Defs' Memo at 5 ("Unlike its federal analogue, the NYLL's anti-retaliation provision unquestionably protects informal complaints made to an employer.")

using boxing techniques, which caused the Company to have to issue refunds and placate embittered attendees who didn't get what they paid for. *See Cohen Aff., passim*. Despite direction and guidance at all relevant times from Franci Cohen, plaintiff Brittany Clybourne [sic] was insubordinate and failed to do her job almost since she first became employed by Spiderbands. *See Cohen Aff., passim*. Plaintiff's rambling e-mail brings up a number of generalized grievances but does not allege she was not paid or did not receive paystubs, or otherwise clearly make out a "complaint" of a violation of state law for purposes of the NYLL. Far from being fired in retaliation for enforcing her rights through a formal complaint or testimony, Ms. Clybourn was fired because she was insubordinate and failed to report to work and was not following the instructions of her Supervisor or satisfying class attendees for her classes—which was her job. *Id.*

(Defs' Memo at 10.)

The facts upon which this argument relies are clearly outside the record before this Court and should not be considered for purposes of this motion. *See Novie v. Vil. of Montebello*, No. 10 Civ. 9436 (CS), 2012 US Dist. LEXIS 115948, at *26 (S.D.N.Y. Aug. 16, 2012) ("it is improper for a court to consider declarations and affidavits on a motion to dismiss"); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 372 (S.D.N.Y. 1997) ("on a motion to dismiss under Rule 12(b)(6), a court is not to consider documents outside the pleadings"). Thus, despite Defendants' attempts at misdirection, it is clear that Plaintiff has alleged facts that establish that there was a causal connection between Plaintiff's protected activity and Defendants' termination of her employment

## V.   PLAINTIFF'S LABOR LAW CLAIM AND BREACH OF CONTRACT CLAIM ARE NOT DUPLICATIVE

While Plaintiff's Labor Law claim is based on a violation of Labor Law § 191(1)(d), it is not duplicative of Plaintiff's breach of contract claim. As an initial matter, Plaintiff's Labor Law failure to pay wages claim is brought against both Defendants, while the breach of contract claim is against only Defendant Spiderbands. Regardless, Fed. R. Civ. P. 8(d)(2) expressly permits a plaintiff to plead claims in the alternative at this stage of the litigation. *See also Roelcke v. Zip*

*Aviation, LLC*, No. 15 Civ. 6284 (DAB), 2018 U.S. Dist. LEXIS 51452, at *39 (S.D.N.Y. Mar. 26, 2018) ("While Plaintiff's labor law claims in Counts 17 and 18 may be duplicative of her contract claims, she can plead in the alternative at this stage."). Thus, the Court should deny Defendants' motion to dismiss Plaintiff's breach of contract claim as duplicative of Plaintiff's Labor Law § 191 claim.

**VI.    THE COURT SHOULD NOT DISMISS PLAINTIFF'S CLAIMS UNDER LABOR LAW § 195(1) AND § 195(3)**

Defendants make a number of last-ditch arguments in an effort to dismiss Plaintiff's well-plead claims under Labor Law § 195(1) and § 195(3), however, the Court should reject all of these arguments because are not supported by the facts or the law.

**A.    Plaintiff's Labor Law Claims are not Duplicative**

Defendants argue, without any explanation, that Plaintiff's Labor Law § 195(1) failure to issue pay notice (Fourth Cause of Action) and § 195(3) failure to issue wage statements (Fifth Cause of Action) are somehow duplicative. Given that these claims allege violations of different provisions of the Labor Law, require Plaintiff to provide different evidence to establish these claims, and seek different measure of damages, there is no legal support for Defendants' unfounded argument that they are duplicative and the Court should reject this argument.

**B.    The Court Should not Dismiss Plaintiff's Labor Law § 195(1) Claim**

Defendants are not entitled to dismissal of Plaintiff's Labor Law § 195(1) claim on the grounds that the Company's offer letter satisfied the pay notice requirement of Labor Law § 195(1). Labor Law § 195(1) requires employers to furnish employees with a notice at the time of their hiring with the following information:

- the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

- allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

- the regular hourly rate and overtime rate of pay (for non-exempt employees);

- the regular pay day designated by the employer in accordance with NYLL § 191;

- the name of the employer and any "doing business as" names used by the employer;

- the physical address of the employer's main office or principal place of business, and a mailing address if different; and

- the telephone number of the employer.

The Offer Letter cannot satisfy the requirements of Labor Law § 195(1) because it did not include the regular hourly rate, overtime rate of pay, or the regular pay day. Thus, Defendants' motion to dismiss Plaintiff's Labor Law § 195(1) should be denied.

**C.      The Court Should not Dismiss Plaintiff's Labor Law § 195(3) Claim**

Defendants have failed to present any credible argument that would support dismissal of Plaintiff's Labor Law § 195(3) claim. In moving for dismissal of this claim, Defendants advance two arguments: (1) that the Court can take judicial notice "of the fact that any employee receiving payroll through a payroll service can simply call the payroll service to receive their paystubs" and (2) that "there is no evidence to support [plaintiff's claim] other than a conclusory allegation supported by hearsay." (*See* Defs' Memo at 11.)

The Court should decline Defendants' request that the Court take judicial notice "of the fact that any employee receiving payroll through a payroll service can simply call the payroll service to receive their paystubs." While Plaintiff does not dispute that the Court may consider "matters that are subject to judicial notice" on a motion to dismiss (*see In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 486 (S.D.N.Y. 2011)), the "fact" that Defendants ask the Court to take judicial notice does not meet the standard for judicial notice. "A

fact capable of judicial notice is one 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Id.* at 581 (quoting Fed. R. Evid. 201(b)). While courts may take judicial notice of press coverage, prior lawsuits, regulatory filings, information on a party's website – without regard to the truth of their contents (*see In re Bear Stearns*, 763 F. Supp. 2d at 581-82; *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 269 (S.D.N.Y. 2013)), Defendants have not presented any legal authority that would support the Court taking judicial notice of "the fact that any employee receiving payroll through a payroll service can simply call the payroll service to receive their paystubs." Indeed, Plaintiff disputes this unsupported assertion and, as a result, the Court should decline Defendants' request to take judicial notice of this fact.

The Court should also reject Defendants' argument that Plaintiff's Labor Law § 195(3) claim is supported only by a "conclusory allegation supported by hearsay." It is not clear which allegations Defendants believe are "conclusory" or "hearsay" since the factual allegations that support Plaintiff's Labor Law § 195(3) claim are not conclusory and do not refer to any out of court statements that are offered for the truth of the matter asserted. (*See* Complaint ¶¶ 13-15.) Regardless, Defendants' argument fails because it requires the Court to reject the well-pled allegations in the Complaint. Instead, Plaintiff's allegations state a Labor Law § 195(3) claim that is plausible on its face and, as a result, Defendants' motion should be denied.

## VI.    PLAINTIFF DOES NOT ALLEGE AN OFF-THE-CLOCK WORK CLAIM

Defendants spend the balance of their memorandum arguing that Plaintiff cannot allege a claim that she was not compensated for off-the-clock work (*see* Defs' Memo at 11-12), but

Plaintiff's Complaint does not, at this time, assert such a claim. Therefore, the Court should disregard this portion of Defendants' motion.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss the Amended Complaint

Respectfully submitted,

Dated: June 18, 2018           By:   _____
      New York, New York                      Gregory N. Filosa

Filosa Law Firm, PLLC
111 John Street, Suite 2510
New York, New York 10038
Tel.:    (212) 256-1780
Fax:    (212) 256-1781
gfilosa@filosalaw.com

*Counsel for Plaintiff Brittany Clybourn*

17